## Richmond

## AMBROSE V. COMMONWEALTH.

### March 17, 1921.

1. APPEAL AND ERROR.—*Conflicting Evidence—Verdict Not Disturbed.*—In a prosecution for larceny of an automobile, a witness for the Commonwealth testified positively that the automobile was his property. His wife testified for the defendant that it was her property, and that she delivered it to the defendant and asked him to sell it for her.

   *Held:* That a verdict of guilty settled the conflict in favor of the Commonwealth, and that verdict could not be disturbed on appeal.

2. LARCENY.—*Husband and Wife—Larceny by Wife's Paramour with Consent of Wife.*—In a prosecution for larceny of an automobile the evidence warranted the jury in believing that the defendant and the wife of the owner of the automobile had planned an elopement and partially carried it out, and that the sale of the automobile by defendant was a part of their scheme to finance their plan.

   *Held:* That defendant could be legally convicted of larceny.

3. LARCENY.—*Instructions—Larceny by Paramour of Wife.*—In a prosecution for the larceny of an automobile, defendant requested an instruction that if he received the automobile from the wife of its owner to sell for her with instructions that if the sale was made defendant was to pay her the money derived from the sale, and if not made to return to her the automobile, and that not having made the sale he was returning the car to her, then defendant was not guilty. This instruction the court refused to give as asked, but added that if the jury should find from the evidence that the defendant received the automobile fraudulently, and was knowingly aiding the wife in permanently depriving her husband of his property, then they should find the defendant guilty.

   *Held:* There was no error in making the addition, which correctly stated the law.

4. INSTRUCTIONS.—*Repetition.*—It is not desirable to multiply instructions, and is not error to refuse even a correct instruction on a point upon which the jury has already been fully and correctly instructed.

5. LARCENY.—*Instructions—Appeal and Error—Harmless Error.*—
In a prosecution for larceny of an automobile, the jury were
told in effect that if they believed from the evidence beyond
a reasonable doubt that the owner of the automobile made an
oral gift of the automobile to his wife, with whom he was
living at the time, such gift did not operate to pass title, and
the property remained in the husband.
    *Held:* That conceding this to be error, the jury could not have
    been misled, as the instruction proceeded at once to tell the
    jury that, although the wife was not the owner, yet if the
    defendant honestly thought she was, and acted on that belief
    in receiving the automobile from her for sale, they should ac-
    quit him.

Error to a judgment of the Hustings Court of the city
of Portsmouth.

*Affirmed.*

The opinion states the case.

*R. H. Bagby* and *Jno. W. Happer,* for the plaintiff in er-
ror.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., As-
sistant Attorney-General,* and *Leon M. Bazile, Second As-
sistant Attorney-General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

F. M. Ambrose, the plaintiff in error, was convicted of
stealing an automobile, the property of F. J. Schmoele, of
the value of $1,000, and sentenced to confinement in the pen-
itentiary for two years. A writ of error was awarded to
the judgment of conviction, and we are asked to review it.

The peition for the writ of error states that from the
record two questions arise:

"1.   Was the automobile alleged to have been stolen the
property of F. J. Schmoele or the property of his wife,
Holmes Pretlow Schmoele? and

"2.   If it was the property of F. J. Schmoele, could petitioner be legally convicted of larceny under the facts of this case?"

[1]   Without going into the details of the evidence, it is sufficient to say that F. J. Schmoele, a witness for the Commonwealth, testified positively that the automobile was his property.   His wife testified for the defendant that it was her property, and that she delivered it to the defendant and asked him to sell it for her.   The verdict of the jury settled the conflict in favor of the Commonwealth, and that verdict cannot be disturbed.

[2]   In answer to the second question propounded in the petition it may be said that the evidence was such that the jury was well warranted in believing that the defendant and Mrs. Schmoele, wife of F. J. Schmoele, had planned an elopement and partially carried it out, and that the sale of the automobile was a part of their scheme to finance their plan.   If, therefore, the automobile was the property of F. J. Schmoele, the defendant could "be legally convicted of larceny" thereof, and there is ample evidence in the record to sustain his conviction.

The defendant asked for three instructions which the court refused to give.   The refusal to give his instruction No. 3 is not assigned as error.

[3]   Instruction No. 1 was as follows: "The court instructs the jury that if they believe from the evidence that the defendant received the automobile mentioned in the indictment from Mrs. Schmoele, the wife of F. J. Schmoele, to sell for her under instructions to pay to her the money from the sale, if made, and if not made to return to her the automobile, and not having made the sale he went to Raleigh, North Carolina, where Mrs. Schmoele then was, for the purpose of returning the car, then they must find the defendant not guilty."

This instruction the court refused to give as asked, but added the following: "But if they find from the evidence that the defendant received the automobile fraudulently, and was knowingly aiding Mrs. Schmoele in permanently depriving her husband of his property, then they should · find the defendant guilty; but the jury are further told that in order to convict the accused, they must find him guilty under the evidence beyond all reasonable doubt."

There was no error in making the addition, which correctly stated the law.

[4]    Instruction No. 2 was as follows: "The court instructs the jury that they cannot convict the accused, unless they believe from the evidence, beyond all reasonable doubt, that he came into possession of the car in question by fraudulent means, or that he intended to convert it to his own use."

If it be conceded that the instruction correctly stated the law, it was not error to refuse it, as it was fully covered by instruction No. 4, given for the Commonwealth. It is not desirable to multiply instructions and is not error to refuse even a correct instruction on a point upon which the jury has already been fully and correctly instructed.

[5]    Exception was taken to the giving of instruction No. 4 at the instance of the Commonwealth. This instruction was as follows:

"The court instructs the jury that chattels and personal property, when the donor and donee reside together, can only be conveyed by deed or will, and that if they believe from the evidence beyond a reasonable doubt that F. J. Schmoele made an oral gift of the automobile in this case to his wife, with whom he was living at the time, it did not operate to pass the title and the property remained that of F. J. Schmoele; but the court further instructs the jury that 'intent' is the essence of the crime of larceny, and if they believe that the defendant honestly thought the auto-

mobile was the property of Mrs. Schmoele and that she had full right to dispose of the same and receive the proceeds, and that he was not merely aiding her in wrongfully carrying away her husband's property, and that he was without guilty knowledge of any wrongful or illegal purpose on the part of Mrs. Schmoele towards her husband in placing the automobile in his possession, then they should acquit him; but if they believe from the evidence, beyond a reasonable doubt, that the defendant acted with dishonest intent in carrying the automobile away, thereby fraudulently contriving to deprive the said F. J. Schmoele permanently of his property, then they should convict him."

The sole objection to this instruction is that the jury were misled by the statement in the first part of the instruction, "that if they believe from the evidence beyond a reasonable doubt that F. J. Schmoele made an oral gift of the automobile in this case to his wife, with whom he was living at the time, it did not operate to pass title and the property remained that of F. J. Schmoele." Conceding the error of the words quoted, the jury could not have been misled by their use, for the instruction proceeds at once to tell the jury that, although Mrs. Schmoele was not the owner, yet if the defendant honestly thought she was and acted on that belief, they should acquit him.

We find no error to the prejudice of the plaintiff in error, and the judgment of the hustings court will, therefore, be affirmed.

*Affirmed.*