## CHOMER JAMES WHITLEY v. CLYDE L. PATTERSON.

January 14, 1963.

Record No. 5518.

Present, All the Justices.

The opinion states the case.

*Guy E. Daugherty* and *Barry Kantor* (*Charles H. Gordon; Howell, Anninos & Daugherty*, on brief), for the plaintiff in error.

*Lewis H. Hall, Jr.* (*Hall & Fox*, on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

This litigation arises out of a collision between an automobile driven by Cromer James Whitley and another by Clyde L. Patterson on the Military Highway in the city of Hampton. Whitley, sometimes hereinafter called the plaintiff, filed a motion for judgment against Patterson, sometimes hereinafter called the defendant, to recover damages for injuries sustained in the collision. There was a jury trial which resulted in a verdict and judgment for the defendant.

On appeal the plaintiff assigns as error the action of the lower court in, (1) not striking the defendant's evidence or setting aside the verdict, on the ground that the evidence showed, as a matter of law, that the defendant was guilty of negligence which was a proximate cause of the collision and his injuries; and (2) granting Instruction "G" at the request of the defendant.

The collision occurred on January 21, 1961, at about 6:00 p. m., at the western end of a bridge which is designed for four-lane travel with the usual center dividing line. It had been snowing and the roadway on the bridge was covered with a sheet of ice. While the surface of the roadway, other than on the bridge, was wet, it was free of ice.

Just before the collision Whitley, the plaintiff, was proceeding eastwardly and approaching the bridge. Ahead of him, and proceeding in the same direction, was a car driven by Barry Rohrback. As Whitley reached the western end of the bridge he saw a vehicle, which turned out to be that driven by Patterson, coming across the bridge from the opposite direction and skidding to its left. Seeing that the situation was dangerous, Whitley stopped his car on his right-hand side of the road, just short of the bridge. The on-coming Patterson car continued to skid to its left, crossed the center line into the eastbound lane on the bridge, and after striking the Rohrback car, continued in its left-hand lane and struck the front of the standing Whitley car, badly damaging the latter vehicle and causing the injuries of which Whitley complains. There is evidence that the Patterson car skidded a distance of approximately 200 feet, nearly one-half of the length of the bridge, before striking the Whitley car and coming to a stop. The permitted speed limit along this portion of the highway was 45 miles per hour.

Patterson testified that he started across the bridge at approximately 25 to 30 miles per hour and had his car under control until he had

gotten about half way across. Then, he said, his car skidded to the left on the ice and "went out of control;" that he tried to get it under control and avoid the collision, but was unable to do so. He further testified that while the road leading to the bridge was wet from a recent fall of snow, it was free of ice. He had not been forewarned of the icy condition of the roadway on the bridge. Indeed, he said, about four hours earlier he had crossed the bridge and it was then free of ice.

The evidence further shows that following the Patterson car, and going in a westerly direction, was a car driven by John J. Pavel, Jr. When Pavel reached the bridge and observed the collision between the Patterson and Whitley cars, he attempted to bring his car to a stop. However, his car, like Patterson's, skidded to the left and struck the Rohrbach car.

Shortly thereafter a police car and an ambulance coming to the scene skidded on the icy surface of the bridge. There is other evidence which shows that the icy condition on the surface of the bridge was not readily discernible by the operator of an approaching vehicle.

The plaintiff contends that the evidence and particularly the physical facts show that the defendant was guilty of negligence, as a matter of law, in two respects: First, he says, the fact that the defendant's car skidded a distance of nearly 200 feet before the collision shows that it was not under proper control and was being driven at an excessive rate of speed. Next, it is argued, the fact that the defendant's car crossed the center line and into its left-hand lane, where the collision occurred, is evidence of negligence on the part of the defendant, which has not been rebutted by the latter's account of how the accident occurred.

We do not agree with either of these contentions. As to the first, it is generally held that mere proof of the skidding of a motor vehicle on a slippery roadway does not establish negligence on the part of its operator, but is a circumstance to be considered along with all of the other evidence in determining whether negligence has been shown. *Crist* v. *Washington, etc., Coach Co.*, 196 Va. 642, 650, 85 S. E. 2d 213, 217, and authorities there cited. See also, *Bedget* v. *Lewin*, 202 Va. 535, 539, 118 S. E. 2d 650, 653; 61 C. J. S., Motor Vehicles, § 518(8)(b), p. 307; *Id.*, § 526-d, p. 428; 5A Am. Jur., Automobiles, etc., § 341, pp. 439, 440.

In cases of skidding the principal inquiry is as to the driver's conduct prior to such skidding. "When there is ice on a hard-surfaced

highway, drivers are charged with the duty to take care and caution in the operation of their vehicles proportionate to the known and obvious dangerous condition of the highway." 5A Am. Jur., Automobiles, etc., § 342, p. 441. See also, *Webb* v. *Smith*, 176 Va. 235, 239, 10 S. E. 2d 503, 504, 131 A. L. R. 558.

Whether the driver of a car has exercised the proper care under the given circumstances and whether the skidding of his car has resulted from his negligence are usually jury questions. 5A Am. Jur., Automobiles, etc., § 342, p. 441; *Id.*, § 1069, p. 923; 61 C. J. S., Motor Vehicles, § 526-d, p. 428.

In the present case, as has been said, the defendant testified that he was not aware of the icy condition on the surface of the bridge. Nor is there any evidence that this condition was obvious to him as he approached the bridge. His testimony is corroborated by that of the operators of other vehicles who passed along the bridge about the same time and whose cars likewise skidded because of the unforeseen icy condition. The jury has accepted this evidence, favorable to the defendant, and concluded that the skidding of his car was not caused by any negligence on his part.

What we have just said disposes of the plaintiff's contention that the fact that the defendant's car crossed the center line and into its left-hand lane is evidence that he was negligent in its operation. According to the testimony of the defendant, the unavoidable skidding of the car caused it to go across the center line and into its wrong lane. By its verdict the jury has accepted this as the reasonable explanation for the presence of the Patterson car in the wrong lane and has exonerated him of negligence. See *Bedget* v. *Lewin, supra,* 202 Va., at page 539, 118 S. E. 2d, at page 654.

We find that under the related circumstances it was for the jury to say whether the defendant was negligent in the operation of his car.

■ The next assignment of error is to the action of the lower court in granting, at the request of the defendant, Instruction "G" which reads as follows:

"The court instructs the jury that if it appears to you, after hearing and considering all of the evidence and circumstances in this case, that it is equally balanced and that it is just as probable or likely that the defendant Patterson was not negligent, as it is that he may have been guilty of negligence *which was the sole proximate cause of the accident,* then the law requires you to find your verdict for the defendant, Patterson." (Emphasis added.)

The plaintiff argues that this instruction is erroneous in that since there was no showing that he was guilty of contributory negligence it was not necessary, in order to sustain a finding in his favor, that there be proof that the negligence of the defendant was "the sole proximate cause of the accident." This criticism of the instruction is well taken. Proof that the defendant's negligence was "a proximate cause" was sufficient.

The trouble with the plaintiff's present contention is that the error in the instruction was not brought to the attention of the lower court; hence it will not be considered on this appeal. (Rule 1:8.) Indeed, the plaintiff himself led the lower court to make the same error in granting, at his request, Instruction No. 3 which told the jury that if it believed from the evidence that the defendant negligently failed to keep his vehicle under reasonable control or failed to keep a proper lookout and that "this was the sole proximate cause of the plaintiff's injury," then it should find for the plaintiff.

For these reasons the judgment is

*Affirmed.*