## Richmond

CHARLES THOMAS WILLIAMS

V.

COMMONWEALTH OF VIRGINIA

Record No. 831620.

November 30, 1984.

Present: All the Justices.

*Harry W. Garrett, Jr. (G. Carl Boggess; Garrett & Boggess,* on brief), for appellant.

*Roger L. Chaffee, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

On the night of January 7, 1983, the defendant, Charles Thomas Williams, was driving west on U.S. Route 460 in Bedford County when he struck and killed a pedestrian, Mark Forest Reeves. Charged with involuntary manslaughter, Williams was convicted by a jury and sentenced to serve three years in the penitentiary.[1]

The evidence showed that Reeves was walking with his back to traffic along the right-hand westbound lane of Route 460, a four-lane divided highway, that he was struck on the paved portion of the roadway, and that Williams' car proceeded in a straight line both before and after it struck Reeves. There was evidence indicating that Reeves was intoxicated,[2] that he was weaving on and off the pavement, and that other cars had to move to the left lane to avoid him. There was also evidence that a companion told Reeves to "get out of the road" and that Reeves said "he didn't have a damn thing to live for and jumped right out . . . in front of the car."

The issue on appeal is whether the trial court erred in refusing Williams' proffered Instruction E. The instruction reads:

---

[1] Williams was convicted by the same jury of failing to stop at the scene of an accident, for which he received a one-year sentence. He was charged also with driving under the influence; he entered a plea of guilty to this charge and was convicted and fined $300.00. These convictions have become final and are not involved in this appeal.

[2] A blood test performed during an autopsy showed that Reeves' blood contained 0.22% alcohol by weight.

The Court instructs the Jury if they find that the intoxication and actions of the decedent, Mark Forest Reeves, were the proximate cause of his death, they shall find Charles Thomas Williams not guilty of the charge of manslaughter.

Williams argues that proximate cause was the "salient issue" in his manslaughter trial. He maintains that, given the evidence of Reeves' condition and conduct and guided by Instruction E, the jury could have found that the actions of Reeves constituted an intervening cause, superseding the antecedent acts of Williams and becoming the sole proximate cause of the accident. Hence, Williams concludes, Instruction E was of "critical importance" to his defense.

■ We do not believe that the trial court erred in refusing Instruction E. In the first place, the instruction was defective in form. As worded, the instruction assumed that Reeves was intoxicated, and, therefore, it would have usurped the jury's prerogative to decide whether he was intoxicated or not.

■ Furthermore, two instructions granted for the Commonwealth and three granted for the defense encompassed the theory of proximate cause.[3] Under these instructions, Williams could have argued and the jury could have found that Reeves' conduct was the proximate cause of the accident. A "refusal to grant instructions covering principles of law upon which the jury has already been properly instructed is not error." *Asbury* v. *Commonwealth,* 211 Va. 101, 107, 175 S.E.2d 239, 243 (1970).

For these reasons, we will affirm Williams' manslaughter conviction.

*Affirmed.*

STEPHENSON, J., dissenting.

I respectfully dissent.

An accused is entitled to an appropriate instruction telling the jury the law applicable to his theory of the case, provided evidence is adduced supporting the instruction. *Banner* v. *Commonwealth,* 204 Va. 640, 645-46, 133 S.E.2d 305, 309 (1963); *Wade* v. *Com-*

---

[3] One of the defense instructions defined "the 'proximate cause of an event [as] a cause which, in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the event, and without which the event would not have occurred.'"

*monwealth,* 202 Va. 117, 123-24, 116 S.E.2d 99, 104 (1960); *Jones* v. *Commonwealth,* 187 Va. 133, 144-45, 45 S.E.2d 908, 913 (1948). Furthermore, "it is well settled that each party has the right to have presented to the jury its contention upon vital points in language to be chosen by it, provided such language is in keeping with the law." *Jeffress* v. *Virginia Ry. & P. Co.,* 127 Va. 694, 714, 104 S.E. 393, 399 (1920).

In the present case, Williams contends that the victim's own actions were the proximate cause of his death. There was testimony that the victim said "that he didn't have a damn thing to live for" and immediately thereafter he "jumped right out in the road in front of the car, and the car hit him." Additionally, the evidence indicates that the victim was highly intoxicated. Clearly, therefore, the defendant presented evidence supporting his theory of the case.

Nevertheless, the majority says that the trial court did not err in refusing Instruction E because "the instruction was defective in form." The instruction "assumed that Reeves was intoxicated, and, therefore, it would have usurped the jury's prerogative to decide whether he was intoxicated or not." Nothing in the record indicates that the Commonwealth voiced any objection to the form of the instruction or that this was the basis for the trial court's ruling. To the contrary, the court refused the instruction "on the grounds that the contributory negligence, if any, of the decedent has no bearing on the guilt or innocence of the accused." Obviously, the instruction relates to proximate cause and not to contributory negligence.

The majority, therefore, finds other grounds for affirming the trial court. The undisputed evidence established that the victim was intoxicated; therefore, the defect the majority finds in the form of the instruction is patently innocuous. The majority also holds that the court properly refused the instruction because five granted instructions "encompassed the theory of proximate cause." Consequently, the majority reasons, "Williams could have argued and the jury could have found that Reeves' conduct, and not Williams' negligence, was the proximate cause of the accident." However, none of the instructions focused upon proximate cause according to the defendant's theory of the case, i.e., that the victim's actions were the proximate cause of his death.

The present case is analogous to *Wade.* Wade also was tried on a charge of involuntary manslaughter for alleged criminal negli-

gence in the operation of a motor vehicle. The court refused an instruction which accurately defined criminal negligence from the defendant's perspective. It refused another instruction which would have told the jury that if it had a reasonable doubt as to who was driving the motor vehicle, it must find the defendant not guilty.

Because three granted instructions also defined criminal negligence and told the jury of the elements of the offense, the Commonwealth contended on appeal that the court did not err in refusing the two instructions offered by the defendant. We rejected this contention, saying that the refused instructions "set forth defendant's theory of the case in a positive way." *Id.* at 124, 116 S.E.2d at 104.

Likewise, the refused instruction in the present case was the only one which set forth Williams' theory of the case in a "positive way," and I believe its refusal constituted reversible error. Therefore, I would reverse the case and remand it for a new trial.