ROBIN LYNN MEDLAR

V.

JANET LEA MOHAN

Record No. 901616

September 20, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell,* Whiting, Lacy, and Hassell, JJ.

* Justice Russell participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1991.

*Hayden I. DuBay* for appellant.
*T. Jeffrey Salb (Lance A. Jackson; Breeden, MacMillan & Green*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, we determine whether, under the facts and circumstances of this case, primary and contributory negligence are factual issues to be resolved by a jury or matters of law to be decided by a court. We also determine whether the trial court erroneously instructed the jury.

## I

Robin Lynn Medlar sued Janet Lea Mohan to recover damages for personal injuries allegedly caused by Mohan's negligent operation of a motor vehicle. Mohan denied the negligence claim and asserted the affirmative defense of Medlar's contributory negli-

gence. The trial court, over Medlar's objection, submitted the issues of negligence, contributory negligence, and proximate cause to a jury. The jury returned a verdict in favor of Mohan which the trial court approved. Medlar appeals.

Pursuant to established appellate principles, we will view the evidence in the light most favorable to Mohan, the prevailing party at trial. This action arose out of a motor vehicle accident that occurred on the morning of January 18, 1987, at the intersection of South Plaza Trail and Virginia Beach Boulevard, in the City of Virginia Beach. A traffic light controls traffic at the intersection. At the time of the accident, rain was falling, the highways were "very wet," and traffic was light.

Medlar was operating an automobile and travelling north on South Plaza Trail toward Virginia Beach Boulevard. South Plaza Trail is a two-lane road. Mohan was operating a pickup truck and travelling east on Virginia Beach Boulevard, a four-lane road.

According to Mohan, when she was approximately 120 yards, or about the "[length] of a football field," from the intersection, she saw the traffic light change from yellow to red. At that time, she "downshifted" the truck from fourth to third gear. Mohan testified that, before she downshifted, the truck was travelling at a speed of approximately 35 miles per hour. She stated that, after downshifting, the truck "probably slowed down," but not "as it normally did." When Mohan was within three car lengths from the intersection, she applied the brakes. The brakes, however, had no effect, and the truck slid through the red light into the intersection, "like you would slide on a sheet of ice," and collided with Medlar's vehicle.

Medlar testified that she first observed the traffic light when she was "three or four hundred feet" from the intersection. At that time, the traffic light was green. When Medlar was "a few hundred feet" from the light, she saw Mohan's vehicle approaching from her left. At that time, the two vehicles were approximately the same distance from the intersection.

Medlar observed that the light remained green when she was 20 to 30 feet from the intersection. She testified that she was travelling no faster than the speed limit, 35 miles per hour, and did not slow her vehicle "because [she] had a green light." As Medlar entered the intersection, she glanced to her left and to her right. At that point, she did not see Mohan's vehicle. The vehicles collided where the inside, eastbound travel lane of Virginia Beach

Boulevard and the northbound travel lane of South Plaza Trail intersect.

## II

We first consider whether Mohan was guilty of negligence as a matter of law. Mere proof that a motor vehicle skidded on a slippery highway does not establish the operator's negligence *per se*, but skidding is a circumstance to be considered along with all the other evidence in determining whether negligence has been proved. *Pullen* v. *Fagan*, 204 Va. 601, 604, 132 S.E.2d 718, 721 (1963); *Whitley* v. *Patterson*, 204 Va. 36, 38, 129 S.E.2d 19, 21 (1963); *Crist* v. *Coach Company*, 196 Va. 642, 650, 85 S.E.2d 213, 217 (1955).

In skidding cases, therefore, the principal inquiry must be focused upon the conduct of the operator prior to the skidding to determine whether the skidding resulted from the operator's negligence. *Pullen*, 204 Va. at 604, 132 S.E.2d at 721; *Whitley*, 204 Va. at 38, 129 S.E.2d at 21. Consequently, the test is whether the driver used that degree of care which an ordinarily prudent person would have exercised, "having regard to the duty of the driver to exercise increased caution in the face of the known and obvious dangerous condition of the highway." *Pullen*, 204 Va. at 604, 132 S.E.2d at 721; *accord Whitley*, 204 Va. at 38-39, 129 S.E.2d at 21.

Generally, whether the skidding of a motor vehicle resulted from the driver's negligence is a jury question. *Meador* v. *Lawson*, 214 Va. 759, 762, 204 S.E.2d 285, 288 (1974); *Pullen*, 204 Va. at 604, 132 S.E.2d at 721; *Whitley*, 204 Va. at 39, 129 S.E.2d at 21. The question is one of law to be decided by a court only when reasonable minds could not differ as to the conclusion to be reached and "one, and only one, conclusion, as a matter of law, is warranted." *Meador*, 214 Va. at 761-62, 204 S.E.2d at 287 (quoting *Allen* v. *Brooks*, 203 Va. 357, 361, 124 S.E.2d 18, 21-22 (1962)).

Medlar contends that Mohan had every opportunity to bring her vehicle to a stop before it reached the intersection and that she waited too long to apply the brakes when she became aware that the "gearing down" procedure proved to be ineffectual. Thus, Medlar asserts, Mohan was negligent as a matter of law, and the trial court erred in submitting to the jury the question of Mohan's negligence.

Mohan contends, on the other hand, that she took appropriate action to bring her vehicle to a stop on a wet pavement. She points to her "gearing down" the vehicle when it was approximately 120 yards from the intersection and, thereafter, applying the brakes when the vehicle was approximately three car lengths from the intersection. She claims that, but for the skidding, the vehicle would have come to a stop before the intersection.

■ Arguably, each contention has merit. The jury found Mohan's explanation for her failure to stop to be reasonable. While we might have reached a different verdict had we been on the jury, reasonable minds could differ as to the conclusion to be reached. We cannot say, therefore, that Mohan's conduct prior to the skidding was negligent as a matter of law. Thus, the trial court did not err in submitting to the jury the question of Mohan's negligence.

The conclusion we reach is consistent with our rationale in *Pullen*, where we said the following:

> We are of opinion that the defendant's evidence was of such character that reasonable men might differ as to its effect; that her explanation was neither unreasonable, as a matter of law, nor inherently incredible. A proper situation was presented for the jury to decide whether it would accept or reject the defendant's explanation. It was for the jury to say whether the defendant, in the exercise of due care under the circumstances, should have driven more slowly, should have applied her brakes sooner, or should have taken other measures to avoid the accident.

204 Va. at 605, 132 S.E.2d at 721.

### III

Medlar next contends that the trial court erred in submitting to the jury the issue whether she was contributorily negligent. She asserts that her actions were free of negligence as a matter of law.

■ Ordinarily, whether a plaintiff is guilty of contributory negligence is a jury issue. The issue becomes one of law for resolution by a court only when reasonable minds could not differ about the conclusion. *Love* v. *Schmidt*, 239 Va. 357, 360, 389 S.E.2d 707, 709 (1990).

Medlar first saw Mohan approaching from Medlar's left when both parties were several hundred feet from the intersection. Medlar continued to drive forward and into the intersection, without reducing her speed, "because [she] had a green light." Shortly before entering the intersection, Medlar looked to her left and to her right, but failed to see Mohan's vehicle at that time, although both vehicles entered the intersection at the same time. Medlar did not see Mohan's vehicle a second time until immediately before impact.

In *Damron v. Hagy*, 220 Va. 455, 457, 258 S.E.2d 517, 518 (1979), we stated the following:

"[A] green light is [not] an unqualified command to a motorist to move in the direction indicated under any and all circumstances. It is only a command to do so in the exercise of reasonable care . . . ." *Arney v. Bogstad*, 199 Va. 460, 463, 100 S.E.2d 749, 752 (1957).

"The mere fact that one vehicle has the right of way over another at a street intersection does not relieve the driver thus favored from the duty of keeping a reasonable lookout and otherwise exercising ordinary care to avoid a collision." *Sayre v. Shields*, 209 Va. 409, 410-11, 164 S.E.2d 665, 667 (1968) . . . .

*Accord Hodnett v. Friend*, 232 Va. 447, 451, 352 S.E.2d 338, 340-41 (1987). Thus, "[t]he duty of maintaining a proper lookout requires the favored driver to be on the alert for a motorist who attempts to drive through the intersection from an intersecting street on a red light." *Hodnett*, 232 Va. at 451, 352 S.E.2d at 341.

In the present case, as in *Hodnett*, we think it was a jury issue whether Medlar failed to maintain a proper lookout. What we said in *Hodnett* is apropos to the present case:

[A] jury could conclude that [the defendant] either failed to look to his left for oncoming traffic or, if he did look, that he failed to heed what a reasonable lookout would have revealed. In either event, we think it was for the jury to say whether [the defendant's] conduct constituted negligence.

*Id.* Thus, the trial court did not err in submitting to the jury the question of Medlar's contributory negligence.

## IV

## A

Medlar also contends that the trial court erred in refusing Instruction 24CR, which reads as follows:

A driver facing a green light is not required to stop, look and listen before crossing at an intersection but has the right to assume that other intersecting vehicles will stop and yield until she has notice to the contrary.

Mohan does not claim that Instruction 24CR incorrectly states the law; rather, she contends that four other instructions, granted without objection, fully instructed the jury on a driver's rights and duties at an intersection controlled by a traffic light. Therefore, Mohan argues, the trial court did not err in refusing Instruction 24CR. We agree.

One of the granted instructions informed the jury that Medlar had the right to "remain in motion as long as the green signal is given, except she has a duty to yield to other vehicles and pedestrians lawfully within the intersection." Another instruction told the jury that a driver facing a red light "has the duty to stop before entering the intersection and to remain stopped so long as the light is red." A third instruction stated that "[a] green light is not an unqualified command to a motorist to move in the direction indicated under any and all circumstances," but it is "only a command to do so in the exercise of ordinary care and when the movement indicated is not calculated to cause injury or damage to another." A fourth instruction informed the jury that Medlar had the right to assume that Mohan would operate her vehicle in a lawful manner until Medlar realized, or should have realized, that Mohan would not do so.

When granted instructions fully state the principles of law on a subject, a trial court is not required to grant additional instructions thereon. *Williams* v. *Commonwealth*, 228 Va. 347, 349, 323 S.E.2d 73, 74 (1984); *Asbury* v. *Commonwealth*, 211 Va. 101, 107, 175 S.E.2d 239, 243 (1970). Indeed, the granting of instructions that are merely repetitious and cumulative is discour-

aged. *Ambrose v. Commonwealth*, 129 Va. 763, 766, 106 S.E. 348, 349 (1921).

In the present case, the jury was instructed fully on the principles of law relating to a driver's rights and duties at an intersection controlled by a traffic light. Thus, the trial court did not err in refusing Instruction 24CR.

## B

Medlar further contends that the trial court erred in granting Instruction 15, which reads as follows:

The fact that a vehicle skidded on a slippery road is not, of itself, sufficient to establish negligence on the part of the driver. If you believe by the greater weight of the evidence that the skidding was caused by failure of the defendant to act as a reasonable person would act under the circumstances, then she was negligent. If you believe that the slippery condition of the road was the only cause of the skidding, then the defendant was not negligent.

Medlar asserts on appeal, as she did at trial, that the instruction should have been refused because the evidence established that Mohan was negligent as a matter of law. For the reasons stated in Part II hereof, we reject this assertion.

Medlar also asserts on appeal that the trial court erred in granting the instruction because it was confusing and failed to state correctly the law applicable to a skidding vehicle. This asssertion, however, was not advanced at trial. Therefore, we will not consider it on appeal. Rule 5:25.

## V

In sum, we hold that both primary and contributory negligence were jury issues and that the trial court did not err in instructing the jury. Accordingly, we will affirm the judgment.

*Affirmed.*