COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued at Alexandria, Virginia


WHITNEY LYN WELLS
                                                              OPINION BY
v.       Record No. 0864-11-4                        JUDGE ROBERT P. FRANK
                                                              MAY 1, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

A. Mark Nicewicz for appellant.

Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Whitney Lyn Wells, appellant, was convicted by a jury of embezzlement, in violation of

Code § 18.2-111.  On appeal, she contends the trial court erred in:  1) finding the evidence

sufficient; 2) refusing a jury instruction requiring the Commonwealth to prove she wrongfully

appropriated property to her benefit; and 3) failing to respond to a juror's question as to the legal

definition of fraud.  For the reasons stated, we affirm.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence showed that on October 30,

2010, appellant was working as a sales associate/cashier at Macy's in the children's department.

On that day she gave unauthorized discounts to a customer and permitted that customer to take

other items without paying for them.

Robert Street, the loss prevention officer for Macy's, viewed the surveillance tape[1] from that day and observed:

> [A]n unidentified female walk[ed] out with three men's Polo shirts, walk to the register. You see her standing at the base of the register. The next frame is her walking into view with a large amount of boys' Polo items.
>
> Right after that the unidentified female and Whitney Wells walked back over to the men's Polo where they both selected items, they both walked back to the register with items in hand.
>
> A couple of minutes later the customer's transaction was complete. The customer walks away with three large bags.

Macy's computer records indicated nine boys' Polo shirts and three men's Polo shirts were marked down by appellant. Each boy's shirt was originally priced at $35 but had been marked down to $17.50. Each of the men's shirts was originally priced at $75 but rang up at $28.99. None of those items was on sale. Additionally, the unidentified female customer received a 20% discount.[2] The value of the unauthorized markdowns exceeded $200. Appellant does not contest the value.

In order for appellant to manually alter the price of any item of merchandise, she must enter an override code into the register/computer. Generally, a sales associate, prior to changing a price, must receive permission from a manager.[3]

_____

[1] A digital video recorder scanned appellant's register. The video was not produced at trial because the hard drive had crashed. Street testified as to what he observed when he first viewed the video.

[2] The 20% discount was not considered an element of the embezzlement charge.

[3] An exception to requiring a manager's permission is when there is a discrepancy between a sign indicating the price and the price on the item. There was no such discrepancy here. In a signed statement, appellant indicated she would call a manager if a customer asked for a different price.

Appellant also admitted giving the same customer eleven boys' Polo shirts[4] without any payment. She did so, she asserted, because she was trying to make people happy.

When Street confronted appellant with these facts, appellant admitted making the markdowns. She said the customer, whom she claimed to know only from the store, "always asked for discounts and asked for items for free." Appellant told Street that "she gives in easy, that she is easily manipulated and that she changed the prices for the customer."

The appellant admitted that she was stealing and knew it was wrong. She thought she could get away with it. There was no evidence appellant received any of the proceeds from the sale or that she received any of the merchandise.

In convicting appellant of embezzlement, the trial court found there was no evidence showing any pecuniary benefit to appellant, but opined that such benefit is not mandated by the law. The Commonwealth, the trial court concluded, must prove benefit to the defendant or benefit to another. Appellant did not challenge the fact that the customer was benefitted by appellant's actions.

The trial court granted Commonwealth's Instruction No. 4ii which stated in part:

> The Court instructs the jury that the defendant is charged with the crime of embezzlement. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> 1. That the defendant wrongfully and fraudulently converted to the use of another or disposed of, property, with the intent to permanently deprive the rightful owner thereof; and
>
> 2. That the property had been received by the defendant by virtue of her employment, office, or trust for her employer; and
>
> 3. That the value of the property was $200 or more.

Appellant did not object to this instruction.

---

[4] These shirts were valued at $385.

The trial court refused appellant's Instruction No. F which read:

> To establish the crime of embezzlement, the Commonwealth must prove the accused wrongfully appropriated to his or her own benefit, with the intent to deprive the owner thereof, the property entrusted or delivered to the accused. Proof of the misappropriation of property entrusted to the possession of the accused is insufficient standing alone to prove embezzlement.

The trial court granted appellant's Instruction No. G which read:

> A fraudulent or dishonest act is one which involves bad faith, breach of honesty, a want of integrity or moral turpitude.

During deliberation, the jury returned and asked the trial court for a definition of "fraud" or "fraudulently" as used in Instruction No. 4ii. The trial court responded that the jury should "use the common definition of the word fraud or fraudulently."

This appeal follows.

ANALYSIS

Sufficiency

Appellant challenges the sufficiency of the evidence, contending that the uncontradicted evidence shows she did not benefit from the price markdowns. She further maintains that she entertained no fraudulent intent, as her only intent was to please the customer.

> When considering a challenge that the evidence presented at trial is insufficient, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Baylor v. Commonwealth, 55 Va. App. 82, 86, 683 S.E.2d 843, 845 (2009) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). "We do not 'substitute our judgment for that of the trier of fact.'" Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the

evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Brown v. Commonwealth, 56 Va. App. 178, 184-85, 692 S.E.2d 271, 274 (2010).

Appellant was convicted of embezzlement in violation of Code § 18.2-111 which provides, in part:

> If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money, bill, note, check, order, draft, bond, receipt, bill of lading or any other personal property, tangible or intangible, which he shall have received for another or for his employer, principal or bailor, or by virtue of his office, trust, or employment, or which shall have been entrusted or delivered to him by another or by any court, corporation or company, he shall be guilty of embezzlement.

Clearly, the plain language of the statute does not require the employee to personally benefit in order to be guilty of embezzlement. Proof of the "[u]nauthorized and wrongful exercise of dominion and control over another's personal property, to [the] exclusion of or inconsistent with [the] rights of the owner," is sufficient to prove embezzlement. Evans & Smith v. Commonwealth, 226 Va. 292, 297, 308 S.E.2d 126, 129 (1983).

In Chiang v. Commonwealth, 6 Va. App. 13, 365 S.E.2d 778 (1988), this Court concluded that it is not necessary to show that the defendant misappropriated the property for "his own personal use and benefit"; it is sufficient to show that the defendant took the property to benefit another. Id. at 17, 365 S.E.2d at 781.

Furthermore, it must be noted that appellant, at trial, did not object to Commonwealth's Instruction No. 4ii which stated, in part, that the prosecution must prove that "the defendant wrongfully and fraudulently converted . . . to the use of another. . . ."

The Supreme Court of Virginia opined in Wintergreen Partners v. McGuireWoods, 280 Va. 374, 698 S.E.2d 913 (2010), "'instructions given without objection become the law of the case and thereby bind the parties in the trial court and this Court on review.'" Id. at 379, 698

S.E.2d at 916 (quoting Owens-Illinois, Inc. v. Thomas Baker Real Estate, Ltd., 237 Va. 649, 652, 379 S.E.2d 344, 346 (1989)); see also Ulloa v. QSP, Inc., 271 Va. 72, 80, 624 S.E.2d 43, 48 (2006); T.L. Garden & Assocs. v. First Savings Bank of Va., 262 Va. 28, 31, 546 S.E.2d 705, 706 (2001). As such, "any objection to the instruction on appeal is waived. Rule 5A:18." Wubneh v. Commonwealth, 51 Va. App. 224, 228-29, 656 S.E.2d 418, 420 (2008), overruled on other grounds, Startin v. Commonwealth, 56 Va. App. 26, 690 S.E.2d 310 (2010) (en banc).

Thus, appellant is bound by Instruction No. 4ii, i.e., that the Commonwealth need not prove appellant personally benefitted from the misappropriation.

Next, appellant contends there was no evidence of fraudulent intent because her only intent was to accommodate the customer and that she was authorized to mark down items. "To constitute embezzlement, fraudulent intent to deprive the owner of his property must be proved beyond a reasonable doubt." Dove v. Commonwealth, 41 Va. App. 571, 578, 586 S.E.2d 890, 894 (2003) (citing Wadley v. Commonwealth, 98 Va. 803, 807, 35 S.E. 452, 455 (1900)). "Proof of intent inheres in the words or conduct of the accused." Id. (citing Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991)). Intent often must be proved by circumstantial evidence. See Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) ("Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence.").

Appellant's argument fails for two reasons. First, it ignores appellant's statement to Street, the store's loss prevention officer, that she was stealing and that she knew it was wrong. She said she thought she could get away with it.[5] Second, appellant told Street that if a customer

---

[5] To the extent that appellant argues her statements were coerced, that argument is waived, as she did not raise it at trial. Rule 5A:18 requires that a ruling of the trial court will be considered as a basis for reversal only if "an objection was stated with reasonable certainty at the time of the ruling." Further, Rule 5A:20(e) states that "[w]ith respect to each assignment of error, the standard of review and the argument – including principles of law and the authorities – shall be

wanted a price reduction, "I would call a manager." During the transaction which is the subject

of this appeal, she did not call a manager. Further, Street testified that a sales associate, in order

to mark down a sale price, must get permission from a manager, except in limited circumstances

not applicable here. Furthermore, in addition to these unauthorized markdowns, appellant also

gave away other shirts to the customer.

In attacking the sufficiency of the evidence, appellant argues that proof of

misappropriation of property is not enough to prove embezzlement, citing Zoretic v.

Commonwealth, 13 Va. App. 241, 409 S.E.2d 832 (1991). We held in Zoretic, "[h]owever,

proof of the misappropriation of property entrusted to the possession of the accused is

insufficient, standing alone, to prove that the accused was the embezzler." Id. at 243, 409 S.E.2d

at 834 (citing Smith v. Commonwealth, 222 Va. 646, 652, 283 S.E.2d 209, 212 (1981)).

Again, this argument ignores the facts viewed in the light most favorable to the

Commonwealth. See Archer, 26 Va. App. at 11, 492 S.E.2d at 831 (citing Martin, 4 Va. App. at

443, 358 S.E.2d at 418). Clearly, the evidence proved more than that appellant simply

misappropriated Macy's property. Appellant admitted to stealing her employer's property.

Further, there was evidence that appellant's acts were unauthorized.

We therefore conclude the evidence was sufficient to prove embezzlement.

### Instruction

Appellant maintains the trial court erred in refusing her Instruction No. F which stated:

> To establish the crime of embezzlement, the
> Commonwealth must prove the accused wrongfully appropriated
> to his or her own benefit, with the intent to deprive the owner
> thereof, the property entrusted or delivered to the accused. Proof
> of the misappropriation of property entrusted to the possession of
> the accused is insufficient standing alone to prove possession.

---

stated in one place and not scattered through the brief." Appellant's assertion is unsupported by case law or other authority, so we will not consider it.

Appellant did not object at trial or in this appeal to the Commonwealth's Instruction No. 4ii but contends her Instruction No. F should have been granted to be read in conjunction with that instruction. We note that the first sentence of Instruction No. F is inconsistent with the Commonwealth's Instruction No. 4ii and should not have been allowed.[6]

Based on the definition of embezzlement set out in Chiang, we therefore conclude that the first sentence of Instruction No. F is an incomplete statement of law. "No instruction should be given that 'incorrectly states the applicable law or which would be confusing or misleading to the jury.'" Mouberry v. Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003) (quoting Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990)).

Appellant's sole remaining challenge is that the jury should have been instructed, as set forth in the second sentence of Instruction No. F, that proof of misappropriation of property is insufficient, standing alone, to prove embezzlement. The Commonwealth argues Instruction No. 4ii addressed all issues which the evidence fairly raised. We agree.

> The purpose of any jury instruction is to inform the jury of the law guiding their deliberations and verdict. The trial judge has broad discretion in giving or denying instructions requested. A reviewing court's responsibility in reviewing jury instructions is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises. An instruction that provides a correct statement of the law is one of the essentials of a fair trial.

Morgan v. Commonwealth, 50 Va. App. 120, 132-33, 646 S.E.2d 901, 905 (2007) (internal quotations and citations omitted).

We conclude that the trial court properly refused appellant's Instruction No. F. The jury had been instructed on the elements of embezzlement, i.e., that the defendant wrongfully and

---

[6] At oral argument, appellant conceded that she is bound by Instruction No. 4ii and that it is the law of the case. While neither party raised this issue on brief, this Court raised it *sua sponte*, and both parties argued the issue at oral argument.

fraudulently converted to the use of another or disposed of property with the intent to permanently deprive the rightful owner, that the property had been received by the defendant by virtue of her employment, and that the value of the property was $200 or more.

This instruction manifestly advised the jury that misappropriation of entrusted property, by itself, is insufficient to prove embezzlement. The instruction required the jury to find a wrongful and fraudulent conversion in addition to misappropriation. While the granted Commonwealth's instruction refers to "converted" rather than to "misappropriated" or "misappropriation," conversion and misappropriation are, of course, related concepts under the law pertaining to embezzlement. See Gwaltney v. Commonwealth, 19 Va. App. 468, 474, 452 S.E.2d 687, 691 (1995) (explaining that embezzlement statutes have historically required "an intentional conversion by misappropriation"). Thus, the disputed portion of Instruction No. F was merely repetitious.

"When granted instructions fully state the principles of law on a subject, a trial court is not required to grant additional instructions thereon." Medlar v. Mohan, 242 Va. 162, 168, 409 S.E.2d 123, 127 (1991) (citing Williams v. Commonwealth, 228 Va. 347, 349, 323 S.E.2d 73, 74 (1984)). "Indeed, the granting of instructions that are merely repetitious and cumulative is discouraged." Id. at 168-69, 409 S.E.2d at 127 (citing Ambrose v. Commonwealth, 129 Va. 763, 766, 106 S.E. 348, 349 (1921)).[7]

---

[7] Because we conclude that appellant's Instruction No. F was repetitious of Commonwealth's Instruction No. 4ii, we need not address the Commonwealth's argument that the challenged instruction incorrectly recites the holding in Zoretic, 13 Va. App. 241, 409 S.E.2d 832.

Jury's Question

Finally, appellant contends the trial court erred in not defining fraud, upon the request of the jury. The trial court responded that the jury should rely on the common definition of "fraud" and "fraudulent."

Appellant posits that these terms are technical and that the jury asked for guidance in understanding these terms. Without such a legal definition, appellant argues the jury was allowed to presume fraud in the absence of evidence demonstrating fraud.[8]

As a preliminary note, and as the Commonwealth correctly indicates, appellant's jury Instruction No. G defined a fraudulent act.

Both the Supreme Court of Virginia and this Court have held that a trial court need not define terms, in response to the jury's questions when the words "are commonly used and each has an accepted meaning." See Clark v. Commonwealth, 220 Va. 201, 211, 257 S.E.2d 784, 790 (1979) (holding that the terms "outrageously or wantonly, vile," "horrible or unknown" "depravity of mind or aggravated battery" were a matter of common knowledge). In refusing to define "threat," we held in Parnell v. Commonwealth, 15 Va. App. 342, 423 S.E.2d 834 (1992), that the trial judge did not commit reversible error in "'rely[ing] upon the intelligence of jurors to give to plain, ordinary words their plain, ordinary meaning.'" Id. at 347, 423 S.E.2d at 837 (quoting McCoy v. Commonwealth, 133 Va. 731, 735, 112 S.E. 704, 705 (1922)).

Contrary to appellant's assertion, the terms "fraud" or "fraudulent" are plain, ordinary words commonly used in general discourse.

---

[8] This mere conclusion by appellant is not supported by the record nor was the argument developed. Rule 5A:20 requires each argument to be developed with supporting case law or other authority. Therefore, we do not address this contention.

Further, we hold that even if there was error, any such error was harmless.  In <u>Clay v. Commonwealth</u>, 262 Va. 253, 546 S.E.2d 728 (2001), the Supreme Court of Virginia adopted the following test for non-constitutional harmless error:

> "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand."

<u>Id.</u> at 260, 546 S.E.2d at 731-32 (quoting <u>Kotteakos v. United States</u>, 328 U.S. 750, 764-65 (1946)).

In this case, appellant's Instruction No. G provided the definition of a fraudulent act. This instruction was available to the jury.  Therefore, the trial court's refusal to provide a definition of "fraud" had no practical effect on the jury's understanding.  The body of knowledge before them would not have been expanded had the judge chosen to provide that definition.  The trial court did not err in refusing to define fraud for the jury.

CONCLUSION

For the foregoing reasons, we hold that the evidence was sufficient to convict appellant of embezzlement, in violation of Code § 18.2-111.  We find the trial court did not err in refusing appellant's jury instruction requiring the Commonwealth to prove appellant wrongly appropriated property to her benefit, or in declining to provide jurors with the legal definition of fraud.  We affirm the trial court.

<u>Affirmed.</u>