# CIRCUIT COURT OF THE CITY OF MARTINSVILLE

Sandra Jean Law

v.

Edward J. Jesneck

January 22, 2015

Case No. CL13-73

By Judge G. Carter Greer

In this medical malpractice case, the jury found for the defendant following a four-day trial. Pursuant to Va. Code § 8.01-383, the plaintiff has filed a motion for new trial, contending that the court committed error (1) in refusing Instruction C and (2) in denying the plaintiff's motion for partial relief from the pre-trial scheduling order. At the hearing on January 9, 2015, the court, ruling from the bench, denied this part of the motion for new trial, so this opinion will address only the first ground of the motion. The court has considered the memoranda and arguments of the parties and has also conducted additional research in view of the complexity of the issue that is raised.

Since the parties are thoroughly familiar with the facts of the case, it is not necessary for the court to recite them here. However, in order to deal with the remaining ground of the motion, the court must discuss the procedural history of the case to some extent. The plaintiff originally sued both Dr. Jesneck and Memorial Hospital of Martinsville and Henry County ("hospital"). Shortly before trial, the plaintiff settled with the hospital and then filed a motion *in limine*, seeking to prevent the defendant from introducing evidence of the hospital's negligence at the trial of the case, in accordance with *Jenkins v. Payne*, 251 Va. 122, 465 S.E.2d 795 (1996). Initially, the court granted the motion, ruling that the defendant could not introduce evidence concerning his "expectations" as to the conduct of the hospital personnel and that the defendant could not introduce evidence concerning the hospital's substitution of a different, though similar, medication from that ordered by the defendant. On the morning of trial, the court, having reconsidered the matter, modified the ruling in order to permit the defendant to introduce evidence concerning the hospital's substitution

of Doripenem for Merrem, to which action the plaintiff made no objection. The trial became a "delicate balancing act" (Motion for New Trial, p. 3) between adherence to *Jenkins* and the defendant's right to present his theory of the case.

The plaintiff eventually withdrew her objection to the introduction of the hospital's acts and omissions, and the jury heard considerable evidence concerning: (1) the defendant's expectation that the nurse would inform him of the plaintiff's Penicillin allergy, (2) the nurse's routine practice of informing a physician over the telephone of such an allergy, though she had no specific memory of having so informed the defendant, (3) the hospital's overriding of its own internal warning system indicating that Doripenem had a mild cross-sensitivity to Penicillin, and (4) the failure of the hospital to notify the defendant that, since Merrem was no longer part of its formulary, Doripenem was substituted in its place. Throughout the course of the trial, the court's main concern was that such evidence would cause the jury to speculate as to the liability of the hospital, a non-party. Nevertheless, the court thought that there was no need for a cautionary instruction and that proper instructions to the jury at the conclusion of the case would be sufficient.

The court granted nineteen instructions, of which two deserve special mention. Importantly, Instruction 10, the standard proximate cause instruction, states in part that "[t]here may be more than one proximate cause of an injury." Instruction 11, the finding instruction, provides in part as follows: "The court instructs the jury that you shall find your verdict for the plaintiff if she has proved by the greater weight of the evidence that: (1) [t]he Defendant, Dr. Jesneck, was negligent; and that (2) [t]he Defendant's negligence was *a* proximate cause of the Plaintiff's injuries." (Emphasis added.) The court refused Instruction C offered by the plaintiff. The only difference between Instruction 10 and Instruction C is that Instruction C contains the following additional language:

> If you believe by the greater weight of the evidence that the Defendant, Dr. Jesneck, was negligent and if you further believe by the greater weight of the evidence that his negligence sufficiently contributed to the Plaintiff's Stevens-Johnson Syndrome/Toxic Epidermal Necrolysis Syndrome, then you shall find your verdict for the plaintiff regardless of whether the acts and/or omissions of the nurse and pharmacy personnel may also have contributed to the Stevens-Johnson Syndrome/Toxic Epidermal Necrolysis Syndrome.

Citing *Ford Motor Co. v. Boomer*, 285 Va. 141, 736 S.E.2d 724 (2013), the plaintiff argues that Instruction C "clarifies the important issue of contributing causes" and "would have been a significant deterrent to jury speculation and confusion." (Motion for New Trial, p. 5.) The defendant

asserts that *Boomer* is inapposite because "this simply was not a case where there were multiple concurring causes which occurred over time, like in mesothelioma cases, where the jury has to determine whether multiple parties' roles occurring over different periods of time were shown to be a sufficient cause of the plaintiff's injuries." (Response to Plaintiff's Motion for New Trial, pp. 6-7.) The court agrees with the defendant.

The court acknowledges that "a litigant is entitled to jury instructions supporting his or her theory of the case if sufficient evidence is introduced to support that theory and if the instructions correctly state the law." *Holmes v. Levine*, 273 Va. 150, 159, 639 S.E.2d 235 (2007). However, the Supreme Court of Virginia has also said that "[w]hile an instruction may not be withheld from the jury solely because it varies from the model instruction, it is not error for a court to reject proposed additions to a model instruction that are redundant." *Harman v. Honeywell International, Inc.*, 288 Va. 84, 104, 758 S.E.2d 515 (2014) (citation omitted). "When granted instructions fully state the principles of law on a subject, a trial court is not required to grant additional instructions thereon. Indeed, the granting of instructions that are merely repetitious and cumulative is discouraged." *Medlar v. Mohan*, 242 Va. 162, 168, 409 S.E.2d 123 (1991) (citations omitted.).

In stating that this case is not a "joint tortfeasor situation," the court unartfully expressed the reasons for refusing Instruction C. Upon reflection, the court remains of the opinion that the decision to refuse the instruction was correct, but that the court's reasons require amplification. First, the *Boomer* case, upon which the plaintiff relies, appears to apply only to mesothelioma cases or similar cases involving multiple exposures under circumstances where it is difficult to determine which exposure caused the disease. Certainly, an instruction concerning multiple sufficient causes was not appropriate in the case at bar, since the plaintiff's evidence precisely identified the alleged negligent act causing the plaintiff's injuries: the defendant's ordering an antibiotic in the penicillin family to treat a patient who was allegedly allergic to penicillin. Second, the words "sufficiently contributed" in the third paragraph of Instruction C could have confused the jury, since there was no concomitant instruction defining those words. Third, even if the words "sufficiently contributed" have a commonly understood meaning, the third paragraph of Instruction C essentially restates the second paragraph: there may be more than one proximate cause of an injury. The court instructed the jury to find for the plaintiff if she proved that the defendant's negligence was *a* proximate cause of her damages. It was implicit in the court's instructions, taken as a whole, that the jury should disregard any negligence attributable to the hospital.

The motion for new trial is denied.