In re Michael J. CANTIN and Elizabeth
A. Cantin, Debtors.

Patricia A. LAMBERT, Plaintiff,

v.

Michael J. CANTIN and Elizabeth A.
Cantin, Defendants.

Bankruptcy No. 89–10627–HAL.
Adv. No. 89–1377.

United States Bankruptcy Court,
D. Massachusetts.

Feb. 22, 1990.

Edward J. Collins, Wayland, Mass., for
plaintiff.

Jeffrey A. Schreiber, Schreiber & Associates, Salem, Mass., for defendants/debtors.

## RULING ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT

HAROLD LAVIEN, Bankruptcy Judge.

In the Motion for Summary Judgment
and its opposition, there are a plethora of
disputed facts. Did the seller debtor know
that the mortgage he gave the buyer in-

cluded not just Lot #1 but, also, the unrelated Lots #2 and #3, was the seller represented by counsel, were there extensions of the completion date, did the buyer make a peaceful entry. None of these facts are crucial or even relevant.

The undisputed facts may be simply stated. Lambert, who is an attorney, signed, on August 18, 1987, an agreement to purchase for $275,800 a house to be constructed on Lot #1, Central Street, North Reading, Massachusetts. Lambert paid an initial deposit of $10,000. Construction was to be completed and title to pass on November 1, 1987. Construction was not complete on November 1 and the parties agreed to an extension to December 8th. The debtor requested an additional $20,000 which Lambert paid after receiving, on November 6th, a note and mortgage which she drafted. The note is simply for $30,000 without interest until December 8, 1987 with the space for an interest rate left blank. The mortgage provides "to secure a note of even date in the amount of THIRTY THOUSAND DOLLARS ($30,000.00) and to secure performance of the terms and conditions of a purchase and sale agreement dated August 18, 1987." The description of the property covered by the mortgage is described as "all and certain that property in NORTH READING, Middlesex County, Massachusetts described as follows: The property set forth in a deed recorded with Middlesex South District Registry of Deeds as instrument number 575 of May 19, 1987 to which deed reference may be had for a more complete description. (Book 18136 Page 596).

For breach of the conditions hereof, mortgagee shall have statutory power of sale."

There is a dispute as to whether or not the debtor was represented by counsel and whether there was an intent for the mortgage to cover only the lot in dispute or all three lots and the houses being built thereon. The deed referred to in the mortgage describes all three lots. There is also a dispute concerning an additional extension. The resolution of these factual and legal disputes are not essential for the ruling on this motion for summary judgment.

Whether or not a further extension was agreed to, the house was not completed and debtor cannot give a good record title because unbeknown to either of the parties, a previous owner had died and the estate had failed to obtain an inheritance tax waiver, so that the property was subject to a tax lien of indeterminate amount. The title problem was not caused by the sellers and was unknown to them at the time of the purchase and sale agreement or at the time of the increased deposit and note and mortgage. The bank holding the construction mortgage has not brought any action against its title insurer. While the debtor has urged the estate to move more expeditiously to resolve the matter, they have brought no action against their former counsel who failed to discover and have the matter corrected before allowing the debtor to purchase the property.

Lambert purported to make an entry and foreclosure under Mass.Gen.Laws ch. 244 § 1, claiming rights to all three lots. Lambert completed what was necessary to obtain a certificate of occupancy and moved in. The debtors did not assent and litigation in the state court commenced. The debtor tendered the return of $30,000 which was rejected. Lambert also refuses to complete the purchase or release Lots #2 and #3 so that they might be sold. In fact, pre-filing, Lambert brought an action against the debtors in the Middlesex Superior Court in which the debtors counterclaimed and the Court enjoined Lambert from encumbering Lot #2 and ordered her to discharge her mortgage and certificate of entry as to Lot #2. Lambert refused to acknowledge the discharge as her free act and deed and before anything further happened in the state court, the debtors filed this Chapter 11.

This Court has core jurisdiction over this matter as it involves the very essential determination and disposition of assets of the estate, 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), (N), (O). Aside from the estate's interest in the lot occupied by Lambert, Lot #1 and the estate's interest in Lots #2 and

#3 including the presently authorized sale of Lot #2, even assuming, although this Court finds to the contrary, some validity to Lambert's action under Mass.Gen.Laws ch. 244 § 1, that very statute provides for a right of redemption which, until it expires, gives Lambert, at best, the status of a perfected lienor and no more. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

Under Massachusetts law, entry by mortgagee to foreclose results neither in any transfer of title to the mortgagee nor in any reduction of the mortgage indebtedness, but merely increases the security. *Hadley Falls Trust Co. v. U.S.* (C.C.A. 1940) 110 F.2d 887.

Do the undisputed facts meet the criteria for summary judgment?

■ Under Rule 56(c) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A motion for summary judgment will be granted only "if there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *General Office Products v. A.M. Capen's Sons, Inc.*, 780 F.2d 1077 (1st Cir.1986). We must view the evidence in the light most favorable to the nonmoving party, and must indulge all inferences favorable to that party. *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir.1988).

■ The party who moves for summary judgment bears the burden of showing that there is no genuine dispute concerning facts which are material to the issues raised in the pleadings. *Emery v. Merrimack Valley Wood Products, Inc.*, 701 F.2d 985, 991 (1st Cir.1983). The nonmoving party cannot defeat summary judgment by mere allegations but must bring "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *A.M. Capen's Sons, Inc., supra,* 780 F.2d at 1078 (quoting *First National Bank v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). The burden is on both parties to file necessary materials to support their claims for and against summary judgment. Fed.R.Civ.P. 56(e); *Stepanischen v. Merchants Dispatch Transp. Corp.*, 722 F.2d 922, 930 (1st Cir.1983).

■ There are various side issues in this proceeding, however, the main present issue can be simply stated. What are the potential remedies of this buyer when the seller-builder, through no fault of his own, cannot give good record and marketable title. The purchase and sale agreement is specific, clear, and unambiguous. The buyer has two choices—the return of the deposit and the right to take title with the defect and pay the full price. Paragraphs 11 and 12 of the Purchase and Sale Agreement of August 18, 1987 state as follows:

> If at the expiration of the extended time the SELLER shall have failed so to remove any defects in title, deliver possession, or make the premises conform, as the case may be, all as herein agreed, or if at any time during the period of this agreement or any extension thereof, the holder of a mortgage on said premises shall refuse to permit the insurance proceeds, if any, to be used for such purposes, then, at the BUYER'S option, any payments made under this agreement shall be forthwith refunded and all other obligations of all parties hereto shall cease and this agreement shall be void without recourse to the parties hereto. If the SELLER shall not be able to deliver possession of and title to the premises as herein provided, then the BUYER shall have the election at either the original or any extended time for performance to accept such title and possession as the SELLER can deliver. If the BUYER so elects, he shall pay the full sales price....

While there may be a dispute as to what legal advice the debtor was receiving, there is no dispute that the buyer is a member of the bar. Those were her only two options under the purchase and sale agreement which Lambert admittedly entered into, signed, and purports to act under.

Did the note and mortgage add anything else? Clearly, the note didn't, it was for a flat $30,000 with no interest indicated—$30,000 was tendered and refused. The mortgage deals with the same $30,000 and the terms and conditions of the purchase and sale agreement. That adds nothing new except possibly the right to have the house completed and that may entitle Lambert to a credit against the purchase price of the cost of completion on which evidence would have to be presented, but from statements of counsel would, presumably, be less than 10% of the purchase price.

 The law is clear in this state and most other jurisdictions that the terms of the purchase and sale agreement control the good faith inability of seller to provide a good marketable title, making the purchase and sale agreement void on return of the deposit at either party's request, unless the buyer elects to take title with the defect and pay the full purchase price. For a full analysis of these defects in title provisions, *see* 13 A.L.R.4th 927:

APPLICATION OF PROVISION IN LAND PURCHASE AGREEMENT THAT IT SHALL BE NULL UNLESS MARKETABLE TITLE IS DELIVERED, WHERE DEFECT IN TITLE IS CREATED OR PERMITTED BY VENDOR SUBSEQUENT TO EXECUTION OF AGREEMENT.

For a case involving an inheritance tax lien, *see Sawl v. Kwiatkowski*, 349 Mass. 712, 212 N.E.2d 228 (1965); *Buckley v. Meer*, illustrates the strict construction applied by the court in construing these clauses, 251 Mass. 23, 146 N.E. 227 (1925).

As a matter of law, summary judgment must lie for the debtor. Lambert will have 30 days to elect the return of her deposit or to complete the purchase at the full purchase price less the cost of completion and any principal payments she may have made on the mortgage. If Lambert makes this election and the parties cannot agree, the Court will schedule an evidentiary hearing to determine any credit due Lambert for necessary work to complete the premises and any payment of principal on the mortgage. On the completion of the election and its consummation, the mortgage and Certificate of Entry will be discharged and the note cancelled.