**In re Barney R. WEINHARDT and Velma E. Weinhardt, Debtors.**

**COMERICA BANK, N.A., Plaintiff,**

v.

**Barney R. WEINHARDT, Defendant.**

**Bankruptcy No. 90–3015–8P7.
Adv. No. 90–355.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 17, 1992.

William Pontrello, Clearwater, Fla., for defendant.

Michael C. Markham, Tampa, Fla., for plaintiff.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion For Summary Judgment filed by Comerica Bank, N.A. (Comerica), the Plaintiff in the above-styled adversary proceeding. It is the contention of Comerica that there are no genuine issues of material facts and that it is entitled to judgment declaring the indebtedness of Barney R. Weinhardt (Debtor) to Comerica nondischargeable. In support of its Motion, Comerica relies on the Complaint, the Amended Complaint, the Answer, the deposition of the Debtor, and the Affidavit of Jeffrey W. Slager, the loan officer of Comerica. The Debtors did not file a Counter–Affidavit in opposition to the Motion. The facts which appear from the record are without dispute and can be summarized as follows:

In the Fall of 1989, the Debtor applied for several loans and in connection with the same submitted loan applications to Comerica. In November and December, 1989, Comerica granted three loans to the Debtor in the total amount of $130,000.00. It is without dispute that in connection with these loan transactions, the Debtor executed several promissory notes evidencing the indebtedness due and owing to Comerica. In each instance that the Debtor borrowed money from Comerica, he completed a new loan application and each was accompanied by a sworn statement in which he stated that he was engaged in business as a commercial painter and that the loan proceeds would be used as "working capital" in his business or "to purchase supplies for a job of interior renovation." The sworn statements to Comerica were dated May 26, 1989; July 27, 1989; and August 7, 1989, respectively. (Exh. A to Amended Complaint). On the financial statement submitted by the Debtor to Comerica dated May 26, 1989, the Debtor stated that he was in business as an "interior contractor." (Exh. B to Amended Complaint).

It is without dispute that the Debtor stopped working as a painting contractor some time in 1986, and he no longer operated a business as a painting contractor, nor was he involved in any business when he submitted his loan applications to Comerica and obtained the loans from Comerica involved in this controversy. The Debtor admitted in his deposition that the funds obtained from Comerica were not used by him to purchase supplies (Debtor's deposition of May 28, 1991, Page 6, Line 4), but he used the money in part to buy stocks from a stockbroker and in part to cover previous purchases when the unpaid balance was called by the broker. (Debtor's deposition of May 28, 1991, Page 17, Line 17 through Page 18, Line 6).

Jeffrey W. Slager (Slager), the loan officer, stated in his Affidavit that he dealt

with the Debtor in these loan transactions; that he relied on the Debtor's sworn statement that the loan proceeds were to be used by the Debtor in his painting business; and he would not have granted the loan if he knew that the proceeds would be used by the Debtor for the acquisition of securities and payment for securities previously purchased.

On April 2, 1990, the Debtors filed their Petition for Relief under Chapter 7 of the Bankruptcy Code. Comerica promptly filed the Complaint and sought a determination that the amount owed to Comerica shall be excepted from overall protective provisions of the general bankruptcy discharge. The claim set forth in the original Complaint is a claim of nondischargeability based on the allegation by Comerica in Paragraph 5 of its Complaint that in connection with the loans the Debtor granted to Comerica a security interest in certain accounts receivables and equipment; that Comerica perfected its security interest; and the Debtor fraudulently disposed of the assets which were serving as collateral for the loans obtained by the Debtor. Although paragraph 8 of the original Complaint stated that a sworn statement (Exh. #B attached to the Complaint) was false, it did not state what constituted the alleged falsity. Lastly, in paragraph 10 of its Complaint, Comerica alleges that the Debtor obtained "money extensions, renewals and refinancing of a debt by false pretenses, false representations and actual fraud." Again, Comerica failed to specify the facts which constituted a viable claim under § 523(a)(2)(A) of the Bankruptcy Code. Based on the foregoing, Comerica contends that the actions of the Debtor constituted cause to determine that the debts due to Comerica should be declared nondischargeable by virtue of § 523(a)(2)(A) of the Bankruptcy Code. The Debtor, rather than attacking the legal sufficiency of the Complaint, filed an Answer consisting of perfunctory admissions and denials, even though it is evident that the Complaint failed to state the claim for which relief could be granted under § 523(a)(2(A) of the Bankruptcy Code.

On March 5, 1991, this Court scheduled a pre-trial conference, which was rescheduled at the request of counsel for the Debtor. At the close of the pre-trial conference, this Court entered an Order directing the parties to conclude discovery by May 31, 1991 and scheduled a final evidentiary hearing. Comerica then commenced discovery proceedings. No discovery was undertaken by the Debtor. On May 15, 1991, Comerica filed the Amendment to its Complaint. It also filed a Motion for Leave to File the Amendment. Counsel for the Debtor having consented, the Motion filed by Comerica was granted. In the Amendment, which is described as Count II of the Complaint, Comerica again sought determination that the obligation of the Debtor evidenced by the three promissory notes in the amount of $25,000, $45,000, and $60,000 respectively, shall be declared nondischargeable pursuant to § 523(a)(2)(B) of the Bankruptcy Code. According to Count II of the Amendment to the Complaint, the alleged falsity of the personal and financial statement submitted by the Debtor to Comerica related to the valuation of the Debtor's traded and marketable securities, however, there is not a scintilla of evidence which would support this claim.

On the date of the final evidentiary hearing, the parties announced their intention to compromise the matter and requested to continue the hearing pending the approval of the compromise. It appears however that the parties failed to agree on the terms of the compromise and therefore, Comerica filed its Motion For Summary Judgment, the Motion presently under consideration. In its Motion, Comerica contends that its claim of nondischargeability is based on § 523(a)(2)(A) of the Bankruptcy Code. In support of this proposition, it is alleged in the Motion that, in connection with the loan transactions described earlier, the Debtor submitted sworn statements in which he represented that the proceeds of the loans would be used as working capital in his commercial painting business and that the Debtor knew he would not or did not intend to use the loan proceeds for commercial painting, but instead intended to and did use the loan proceeds to invest in the stock market.

Even a cursory reading of the Motion For Summary Judgment leaves no doubt that nothing in the Motion even remotely resembles the claims of nondischargeability which were pled either in the original Complaint or the Amendment to the Complaint as set forth in Count II. As noted earlier, the claim of nondischargeability set forth in Count I of the Complaint did not state a viable claim for relief under § 523(a)(2)(A). This is so because an unauthorized disposition of the collateral of a secured party is not a basis for a claim of nondischargeability under § 523(a)(2)(A) of the Bankruptcy Code, and a bare verbatim recitation of the text of the Code dealing with this section is insufficient as a matter of law to establish a viable claim under this Section. The claim set forth in Count II relates solely to the alleged overvaluation of the Debtor's traded and marketplace securities, and equally fails to establish a claim upon which relief can be granted.

While this record leaves no doubt that the underlying facts are without dispute, it is clearly improper to grant Comerica a Motion For Summary Judgment based on the claim set forth in the original Complaint and the claim set forth by the Amendment in Count II. This being the case, this Court is satisfied that it is proper to deny the Motion For Summary Judgment and schedule the matter for final evidentiary hearing.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion For Summary Judgement filed by Comerica Bank, N.A. is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the final evidentiary hearing will be held before the undersigned on September 9, 1992 at 1:30 p.m. in Courtroom A, 4921 Memorial Highway, Tampa, Florida.

DONE AND ORDERED.