In re Barney R. WEINHARDT and
Velma E. Weinhardt Debtors.

COMERICA BANK, N.A. Plaintiff,

v.

Barney R. WEINHARDT Defendant.

Bankruptcy No. 90–03015–8P7.
Adv. No. 90–355.

United States Bankruptcy Court,
M.D. Florida.

April 20, 1993.

Michael C. Markham, Clearwater, FL, for plaintiff.

William Pontrello, Clearwater, FL, for defendant.

## ORDER ON PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the Renewed Motion for Summary Judgment filed by Comerica Bank, N.A. (Bank). The original Motion for Summary Judgment filed by the Bank was denied by this Court because this Court concluded that there were genuine issues of material fact which prevented the resolution of this controversy as a matter in law. 142 B.R. 984. The present Motion is filed by the Bank in the above captioned adversary proceeding in which the Bank seeks a determination that the debt due and owing by Barney R. Weinhardt (Debtor) to the Bank shall be declared to be nondischargeable by virtue of § 523(a)(2)(A) of the Bankruptcy Code. The Debtor did not file an affidavit in opposition of the Bank's Motion and relies solely on his general denials set forth in his Answer. The record reveals the following undisputed facts.

The Debtor obtained three loans from the Bank. In connection with these transactions the Debtor executed three promissory notes, the first originally dated August 7, 1989, and renewed November 6, 1989, in the amount of $25,000.00; the second originally dated May 26, 1989, and renewed August 24, 1989, and November 22, 1989, in the amount of $45,000.00, the third originally dated June 30, 1989, was

renewed on September 28, 1989, and again on December 27, 1989. It is without dispute that none of these loans were repaid and the Debtor is still indebted to the Bank in the amount of $130,000.00. In connection with these loans, the Defendant executed sworn statements, in which he stated that the loans were to be used for working capital for his commercial painting business. It is without dispute that the Defendant did not use the money to run a painting business, as a matter of fact there is no evidence in the record that he ever owned and operated a commercial painting business. Further, it appears that the Debtor was charged with fraud from a federally issued bank in connection with these loans. On October 1, 1991, he plead guilty to the charge and was sentenced to twelve months of imprisonment. These are the relevant facts which are indeed without dispute and which, according to the Bank, warrant a determination as a matter of law that the debt owed by the Debtor to the Bank is a nondischargeable debt by virtue of § 523(a)(2)(A).

To grant a Summary Judgment motion in favor of the moving party, the moving party is entitled to rely on "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Celotex Corporation v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party is not required to file affidavits in support of the Motion. Once it appears from the record that there are no genuine issues of material facts, the burden shifts to the opposing party to establish that genuine issues of material facts in fact exist. Unlike the plaintiff, the defendant must come forth and "go beyond the pleadings and, by ... affidavits, or by the depositions, answers to interrogatories, and admissions in the file, designate specific facts showing that there are in fact genuine issues of material facts" in order to defeat a motion for summary judgment. At the hearing on the original Motion on November 25, 1992, the Defendant urged that his general denial set forth his answer to the Complaint was sufficient to show a genuine issues of material

facts existed. However, in light of *Celotex*, and Fed.R.Civ.P. 56 as adopted by F.R.B.P. 7056, it is clear that the Defendant can not simply rely on a general denial set forth in the Answer to defeat a motion for summary judgment.

This Court is unwilling to accept the proposition that a mere paper denial set forth in an answer is sufficient to establish that there are indeed genuine issues of material facts. Based on the foregoing, this Court is satisfied that no issue of material facts exist and therefore, it is appropriate to resolve the matter under consideration if the Movant's claim for relief is supported by the summary judgment applicable here.

The Bank contends that the facts set forth above are sufficient to sustain the Bank's claim of nondischargeability as a matter of law pursuant to § 523(a)(2)(A), which provides, in pertinent part, as follows:

"(a) A discharge under section 727, 1141, 1228[a] 12228(b), or 1328(b) or this title does not discharge an individual debtor from any debt—

. . . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

In order to sustain a claim for nondischargeability, the burden of proof is no longer the clear and convincing standard, but a mere preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In order to prevail on this claim, the Bank must establish that the Debtor made false representations with the purpose and intent to deceive the creditor, the creditor relied on such representations and as a result the creditor sustained a loss. *In re Hunter*, 780 F.2d 1577 (11th Cir.1986). It is well established that the Debtor must be guilty of a positive fraud involving moral turpitude and not implied fraud. In the absence

of explicit representations concerning a material fact which is false, no viable claim of nondischargeability can be recognized under § 523(a)(2)(A). *In re Hunter, supra.*

Ordinarily, a promise of the borrower that the funds borrowed will be used for a specific purpose would not be material especially in the case of an unsecured loan. This is not the case, however, when it appears for the record that the Debtor never intended to use the funds for the purpose stated in this instance as working capital in a non-existing business but to use the funds for a gambling spree in Las Vegas. One can hardly assume that if he had told the Bank the real intended use of the borrowed funds, the Bank never would have agreed to make the loan.

It is evident from the foregoing and it is without dispute that the Debtor made an express, false, and material representation to the Bank, and that the Bank, in relying on these representations, sustained a loss. Therefore, the Plaintiff has satisfied the requirements to sustain a claim of nondischargeability. Therefore, this Court is satisfied that the Motion for Summary Judgment should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment is hereby granted. The debt owed by the Debtor in the amount of $130,000.00 is hereby declared to nondischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

DONE AND ORDERED.