In re FLORENCE TANNERS, INC., d/b/a/ Sana Furs & Leather, Debtor.

FLORENCE TANNERS, INC., Counter–Plaintiff,

v.

Helen VIDOSH and Martin Vidosh, Counter–Defendants.

Bankruptcy No. 94–52306–R.
Adv. No. 95–4247–R.

United States Bankruptcy Court, E.D. Michigan, Southern Division.

July 28, 1995.

Todd Halbert, Southfield, MI, for plaintiff.

Ben Moore, Troy, MI, for defendants.

## *OPINION GRANTING DEBTOR'S MOTION FOR SUMMARY JUDGMENT*

STEVEN W. RHODES, Chief Judge.

The debtor brought this preference action pursuant to 11 U.S.C. § 547(b).[1] This matter is now before the Court on a motion for summary judgment filed by the debtor. Following review of the briefs, the Court holds that the debtor is entitled to summary judgment as a matter of law.

### I.

The parties entered into a settlement agreement approximately one year prior to the filing of the bankruptcy petition. The settlement related to a suit brought by Helen Vidosh, a former employee of the debtor, alleging sex discrimination by the debtor. The debtor made the following two payments in satisfaction of the settlement agreement during the preference period:

(A) Check No. 16519, dated September 1, 1994, and honored by the debtor's bank

September 16, 1994, in the amount of $1,864.84; and

(B) Check No. 16669, dated October 1, 1994, and honored by the debtor's bank on October 14, 1994, in the amount of $1,864.84.

The debtor's complaint seeks to recover these payments as preferential transfers. The creditors contend that the payments fall under the ordinary course of business exception of § 547(c)(2) and are thus not avoidable.

### II.

Section 547(c)(2) states that the trustee may not avoid a transfer to the extent that it was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms.

A creditor attempting to satisfy § 547(c)(2) must prove all three elements of that subsection. *In re Fred Hawes Organization, Inc.,* 957 F.2d 239 (6th Cir.1992). "The purpose of this exception is to leave undisturbed normal financing relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor's slide into bankruptcy." S.Rep. No. 989, 95th Cong., 2d Sess. 88, reprinted in 1978 U.S.C.C.A.N. 5787, 5874.

The first element of § 547(c)(2) requires a showing that the debt was incurred in the ordinary course of business of the debtor and the transferee. The debtor here is in the business of selling fur and leather goods. The debt arose from an agreement entered into by the debtor and the creditors in settlement of a sex discrimination suit. There is no indication that this type of debt is ordinary for the debtor. Moreover, several cases have held that payments made pursuant to a settlement agreement, which is the

---

1. This adversary proceeding was originally filed by the creditors to determine dischargeability of

debt. Their complaint was dismissed by order of the Court dated April 28, 1995.

result of a prior dispute between the parties, are simply not in the ordinary course of business. *In re Daikin Miami Overseas, Inc.,* 65 B.R. 396, 398 (S.D.Fla.1986); *In re Maloney–Crawford, Inc.,* 144 B.R. 531 (Bankr.N.D.Okl.1992); *see also In re Richardson,* 94 B.R. 56, 61 (Bankr.E.D.Pa.1988) ("Payments pursuant to litigation agreements and judgments are the type of 'unusual action' proscribed by Congress when it enacted § 547(b)(2)(B) and (C).").

Accordingly, the Court concludes that the debt was not incurred in the ordinary course of the debtor's business, and therefore the exception of section 547(c)(2) does not apply.

The creditors cite two cases, unrelated to the ordinary course of business exception, in support of their position. Neither one is applicable to the facts of this case. In the first, *Lewis v. Diethorn,* 893 F.2d 648 (3d Cir.1990), the debtor made a payment in settlement of a lawsuit during the preference period. The court found that the payment was not on account of an antecedent debt. "What [the debtor] received was not the freedom from liability on an antecedent debt, but the freedom from the risk of litigation...." *Id.* at 650. In the present case, the debtor did not make a payment in settlement of a lawsuit during the preference period, but made payments pursuant to a settlement agreement during the preference period. The settlement agreement constitutes the antecedent debt.

■ Likewise, in the second case, *In re Coppie,* 728 F.2d 951 (7th Cir.1984), the issue was whether the transfer satisfied the requirements of § 547(b). The debtor's wages were garnished within the preference period. However, the court held that the actual transfer occurred at the time the garnishment was issued. Because the garnishment was issued outside the preference period, the transfer was not an avoidable preference. In the present case, the transfers occurred on the date the debtor's bank honored the checks. *Barnhill v. Johnson,* 503 U.S. 393, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). The checks were honored on September 16, 1994 and October 14, 1994, both within the 90 day preference period.

■ The debtor's motion for summary judgment is further supported by the affidavit of John C. Bohl, Jr., the court appointed chapter 11 accountant for the debtor. Bankruptcy Rule 7056, governing motions for summary judgment, provides in part in subsection (e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The creditors' response is not supported by an affidavit and fails to demonstrate a genuine issue of fact. Accordingly, the debtor's motion for summary judgment is granted.