In re **COMMONWEALTH SPRINKLER CO., INC., Debtors.**

**Wachovia Bank, N.A., Plaintiff,**

v.

**Commonwealth Sprinkler Co., Inc., Joseph E. Beck, III, et als, Defendant.**

**Bankruptcy No. 00–34056–T.**
**Adversary No. 01–3059–T.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Nov. 16, 2001.

Douglas D. Callaway, Wachovia Securities, Inc., Michael D. Mueller, Christian & Barton, L.L.P., Richmond, VA, for creditors.

Robert A. Canfield, Richmond, VA, for debtor.

Loc Pfeiffer, Kutak, Rock, L.L.P., Richmond, VA, for trustee.

## AMENDED MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held on May 30, 2001, on the motion of plaintiff Wachovia Bank, N.A. for summary judgment as to defendant Joseph E. Beck, III.

For reasons stated in this opinion, the court will grant plaintiff's motion for summary judgment as there are no material issues in dispute.

## I. PROCEDURAL HISTORY AND FINDINGS OF FACT.

### A. *Wachovia's Underlying Complaint in Circuit Court for Fluvanna County.*

Wachovia filed the underlying complaint on April 20, 2000, as a motion for judgment against Commonwealth Sprinkler, Beck and Walter L. Breeden in the Circuit Court for Fluvanna County, Virginia (*Wachovia Bank, N.A. v. Commonwealth Sprinkler Co., Inc., et al.,* At Law Case No. 00646). Wachovia brought suit in state court against Breeden and Beck on their separate guaranties of the debt owed to Wachovia under two bank notes made by Commonwealth Sprinkler. The state action sought judgment under the first Wachovia note dated June 12, 1998, claiming indebtedness of $54,878.00, as well as the second note dated March 25, 1999, claiming indebtedness of $19,808.91.

Breeden guaranteed the first note under a guaranty agreement dated May 18, 1995, and Beck guaranteed the second note under a guaranty agreement dated March 25, 1999. Breeden filed grounds for defense to Wachovia's motion for judgment contending he is not personally liable for the notes under the May 18, 1995, guaranty as a result of the sale of Commonwealth Sprinkler's stock to Beck. Beck filed a response denying that Wachovia was entitled to judgment against him in any amount greater than the amount of the outstanding balance on the note dated March 25, 1999. He denied liability under the note of June 12, 1998, based upon his assertion that Wachovia's bank officer told him when he signed the guaranty that it was just to guarantee payment of the March 25 note. Beck has offered to endorse an order of judgment in favor of Wachovia on this note.

### B. *Involuntary Chapter 7 Bankruptcy Petition Filed against Commonwealth Sprinkler.*

On July 20, 2000, while the state court action was pending, Breeden filed an involuntary chapter 7 bankruptcy petition against Commonwealth Sprinkler in this court. The court entered an order for relief against Commonwealth Sprinkler on November 6, 2000.

### C. *Removal of Wachovia's State Court Suit to U.S. Bankruptcy Court.*

On February 5, 2001, Breeden removed Wachovia's state court action to the U.S. Bankruptcy Court for the Western District of Virginia. On Breeden's motion, Judge Anderson of the Western District transferred the case to this court on February 13, 2001. Although Wachovia had originally objected to the removal, it consented to the transfer to the Eastern District.

### D. *Wachovia's Motion for Summary Judgment as to Beck.*

As set forth by Wachovia in its motion for summary judgment, Beck admitted in his grounds of defense filed May 23, 2000, that he executed a commercial note dated March 25, 1999, executed a personal guaranty of that loan, defaulted on the loan, and that payments have not been made towards the outstanding balance. Notwithstanding these admissions, however, Beck asserts that he has no personal liability other than under the note of March 25, 1999.

Wachovia's motion for summary judgment proposes that Beck's position(s), as set forth in his grounds of defense and answers are "not a valid defense at law to

its cause of action in that by the very terms of the [g]uaranty as admitted herein, the [g]uaranty is a continuing guaranty covering all obligations of the borrower, Commonwealth Sprinkler Co., Inc., now existing or hereafter incurred." The guaranty agreement dated March 25, 1999, endorsed by Beck stated:

> For the purposes of this guaranty, the Obligations shall include all debts, liabilities and obligations of the Borrower to the Lender, notwithstanding any right or power of the Borrower or anyone else to assert any claim or defense as to the invalidity or unenforceability thereof, and no such claim or defense shall impair or affect the obligations and liabilities of the undersigned hereunder.

Further, Wachovia asserts an affirmative defense of the parol evidence rule to Beck's argument that Wachovia's representative informed him the guaranty applied solely to the March 25, 1999, note. Wachovia argues that Virginia's parol evidence rule governs the present facts, as prior or contemporaneous statements cannot be used to contradict the clear and unambiguous terms of a complete contract.[1]

## II. DISCUSSION AND CONCLUSIONS OF LAW.

### A. *Jurisdiction of the U.S. Bankruptcy Court.*

■ As a result of Wachovia's May 23, 2001, motion to withdraw its objection to removal, all parties consent to removal of Wachovia's state court litigation, as well as to the transfer of venue to this court from the Western District of Virginia Bankruptcy Court. The only jurisdictional concerns remaining were those raised by the court at the conclusion of the May 30 hearing relating to the scope of the court's removal jurisdiction over non-debtors and enforceability of potential personal judgments against such parties. After review, I am satisfied that there is a proper basis for jurisdiction.

The bankruptcy court may retain jurisdiction over a matter "related to" a case under title 11, pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

■ In *New Horizon of N.Y., L.L.C. v. Jacobs,* 231 F.3d 143, 154 (4th Cir.2000), the Fourth Circuit followed the "related to" jurisdictional test adopted by the United States Supreme Court in *Celotex Corp. v. Edwards,* 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). Whether a proceeding is "related to" bankruptcy under 28 U.S.C. § 1334 is whether the outcome of that proceeding could conceivably have any effect on the estate's administration in bankruptcy. *See Celotex Corp.,* 514 U.S. at 308, 115 S.Ct. 1493.

Applying the Fourth Circuit's test, Wachovia points out that several bases for removal jurisdiction are met here, including: (1) the removed action "clearly affect[s] the debtor's rights, liabilities, options and directly impacts the administration of the bankruptcy estate"; and (2) a successful recovery against the guarantors would directly reduce the amount claimed in the proof of claim and free potential assets to be paid to other creditors.

■ The court agrees with Wachovia that its state court civil suit is "related to" this bankruptcy case because the outcome of this proceeding could conceivably have an effect on the bankruptcy estate's ad-

---

1. *See Swengler v. ITT Corp. Electro–Optical Prod. Div.,* 993 F.2d 1063, 1069 (4th Cir. 1993); *Jackson Hewitt, Inc. v. Greene,* 865 F.Supp. 1199, 1209 (E.D.Va.1994); *Doswell Ltd. P'ship v. Virginia Elec. & Power Co.,* 251 Va. 215, 468 S.E.2d 84, 88 (1996).

ministration.[2] Commonwealth Sprinkler's estate is potentially affected by Wachovia's proof of claim and by its potential recovery under the state action against defendants Breeden and Beck pursuant to their guaranties of debtor's debt. The fact that the suit may involve additional non-debtor parties instead of solely debtor or its property does not negate a finding of jurisdiction.[3] While something more than merely common issues of fact between a civil suit and bankruptcy proceeding are necessary to bring the matter within the scope of the bankruptcy court's jurisdiction, the test under *Celotex Corp.* simply concerns whether the matter impacts the handling and administration of the bankruptcy estate or if the outcome might alter the rights, liabilities, options or freedom of action of debtor.

### B. *Position of the Parties.*

#### 1. Wachovia.

Beck remains personally obligated to Wachovia under both bank notes, executed on June 12, 1998, and March 25, 1999, as a guarantor of the notes for debtor Commonwealth Sprinkler. The balances currently due under the notes are approximately $55,000.00 for the first note and $20,000.00 for the second.

#### 2. Beck.

Although Beck acknowledges that he signed a 1999 guaranty associated with the second Wachovia loan to Commonwealth Sprinkler, he did not intend or understand that the guaranty would encompass the overall collective debt of the corporation or obligate him in any personal capacity for the first loan that Breeden personally guaranteed in 1998. At the time he signed the guaranty, he was told by Wachovia's representative that it applied only to the March 25 note. If he had understood or been told of the guaranty's alleged provision to extend to both bank notes, he would not have executed the guaranty.

### C. *Statutory Authority on Summary Judgment.*

The statutory authority applicable to a motion for summary judgment is Federal Rule of Civil Procedure 56(a), as incorporated into Bankruptcy Rule 7056 and thereby made applicable to this proceeding. Under Rule 7056, the record is viewed in the light most favorable to the non-moving party, here Beck, to determine if there is a showing of "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P.56(c).[4] A review of a grant of summary judgment is made on a *de novo* basis: the reviewing court must view evidence in the most favorable light to the party against whom judgment was rendered to determine whether there are genuine issues of material fact, as well as whether the lower court correctly applied the law to undisputed facts.[5]

---

**2.** See *New Horizon,* 231 F.3d at 151, *citing In re Celotex Corp.,* 124 F.3d 619, 625 (4th Cir. 1997) (citations omitted).

**3.** See *id.* at 149, 150 (quoting "[section] 1334(b) must be read to give ... jurisdiction over more than simply proceedings involving the property of the debtor or the estate" and "a related to case need not necessarily be against the debtor or his property") (citations omitted).

**4.** "Through the use of material, the summary judgment motion attempts to demonstrate that no genuine factual issue exists despite the fact that one may be stated on the face of the pleadings." 10 *Collier on Bankruptcy* ¶ 7056.05 (Lawrence P. King ed., 15th ed. rev.2001).

**5.** See *Lemelle v. Universal Mfg. Corp.,* 18 F.3d 1268, 1272 (5th Cir.1994); *Carolco Television Inc. v. Nat'l Broad. Co. (In re De Laurentiis Ent. Group Inc.),* 963 F.2d 1269, 1271–72 (9th

### D. Case Law Authority on Summary Judgment.

The United States Supreme Court in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), held that "at the summary judgment stage[,] the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249, 106 S.Ct. 2505. Under Rule 56, the movant bears the initial burden of showing that no material issue of fact exists. *See In re Schwinn Bicycle Co. (Schwinn Plan Comm. v. AFS Cycle & Co. Ltd.),* 182 B.R. 514, 521 (Bankr.N.D.Ill. 1995). The moving party is entitled to rely on those portions of the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that it may identify to demonstrate the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988).

Once the movant successfully demonstrates from the record that no genuine issues of material fact exist, the burden of proof shifts to the party opposing summary judgment to establish that questions of fact do exist. *See Comerica Bank, N.A. v. Weinhardt (In re Weinhardt),* 156 B.R. 677, 679 (Bankr.M.D.Fla.1993). Thus, while the moving party bears the initial burden of producing evidence to support the summary judgment motion, once a suf-

ficient showing is made through the use of affidavits or evidence, the non-movant cannot merely rely on pleadings and reassert former allegations or denials. Instead, the non-movant must respond through the presentation of affidavits or evidence to set forth specific facts showing a genuine issue of fact that would necessitate preceding to trial.[6] Ultimately, the court must then view the evidence presented in a light most favorable to the non-moving party,[7] resolving any doubt as to the existence of genuine issues of fact against the moving party.[8]

### E. Conclusion.

■ Wachovia has met the procedural requirements of Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56. Because the use of supporting affidavits is optional according to Rule 56(a), that procedural prerequisite is satisfied: "[a] party seeking to recover upon a claim ... may ... move with or without supporting affidavits for a summary judgment in the party's favor ...."

The record reflects the following undisputed facts: (1) Commonwealth Sprinkler is in default to Wachovia under promissory notes dated June 12, 1998, and March 25, 1999; (2) "all debts" of Commonwealth Sprinkler to Wachovia were guaranteed by Beck's guaranty agreement of March 25, 1999; (3) Wachovia brought suit against Commonwealth Sprinkler as maker of the notes and Beck as a guarantor, seeking

---

Cir.1992), *cert. denied,* 506 U.S. 918, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992).

**6.** *See Ralar Distrib., Inc. v. Rubbermaid, Inc. (In re Ralar Distrib., Inc.),* 4 F.3d 62, 67 (1st Cir.1993); *Florence Tanners, Inc. v. Vidosh (In re Florence Tanners, Inc.),* 184 B.R. 520, 522 (Bankr.E.D.Mich.1995).

**7.** *See, e.g., Interim Inv. Comm. v. Jacoby,* 90 B.R. 777, 780 (W.D.N.C.1988), *aff'd,* 914 F.2d

1491 (4th Cir.1990); *In re Printy (Dean Witter Reynolds Inc. v. Printy),* 188 B.R. 61, 69–70 (Bankr.D.Mass.1995), *aff'd,* 110 F.3d 853 (1st Cir.1997).

**8.** *See Lambert v. Cantin (In re Cantin),* 114 B.R. 339, 340 (Bankr.D.Mass.1990); *Tidwell v. Merchants & Farmers Bank of Milledgeville (In re Dempster),* 59 B.R. 453, 456 (Bankr. M.D.Ga.1984).

$54,578.41 under the first note and $19,208.91 under the second note plus interest, attorney's fees, and costs; (4) Commonwealth Sprinkler has not filed an answer to Wachovia's motion for judgment; (5) Beck's answer asserts he was told by Wachovia that his guaranty applied only to the March 25, 1999, note; (6) Beck admits he executed the guaranty on March 25, 1999; and (7) Beck's guaranty by its express terms is an absolute and continuing guaranty of all existing debts, liabilities, and obligations of Commonwealth Sprinkler to Wachovia.

Beck has not challenged the amounts Wachovia claims to be due under the notes. His defense relates only to the validity of his guaranty for the note of June 12, 1998. Beck's defense that Wachovia told him the guaranty agreement applied only to the March 25, 1999, note is not credible or dispositive in any manner. Beck's statement does not overcome the fact that absent fraud or misrepresentation, neither of which have been alleged, the written contract to which he agreed and entered into becomes the law governing the conduct of the parties. *See Chantilly Constr. Corp. v. John Driggs Co, Inc. (In re Chantilly Constr. Corp.)*, 45 B.R. 297, 306 (Bankr.E.D.Va.1985); *In re Abingdon Realty Corp.*, 18 B.R. 571, 573 (Bankr.E.D.Va.1982), *citing Upton v. Tribilcock*, 91 U.S. 45, 50–51, 23 L.Ed. 203 (1875); *Bailey v. Lisle Mfg. Co.*, 238 F. 257, 267–68 (8th Cir.1916); *Ashby v. Dumouchelle*, 185 Va. 724, 40 S.E.2d 493, 497 (1946).

Further, the record reveals through Beck's own deposition that he was aware of the existing liabilities to Wachovia on the part of Commonwealth Sprinkler. In his pleadings, Beck offered to consent to judgment in favor of Wachovia under the second note of March 25, 1999.

Additionally, as previously cited, there is no evidence presented of fraud or misrepresentation on the part of Wachovia or its representatives. Rather, the record reflects that Beck admitted in his deposition that he did not read the guaranty agreement when he signed it. Ignorance of the terms of the contract or negligence on Beck's part in not reading the underlying contract are not sufficient defenses to relieve him of liability. As an individual with the capacity to comprehend a document and who signed it without reading it, he still remains bound by his signature. *See First Va. Bank–Colonial v. Masri*, 245 Va. 461, 428 S.E.2d 903, 904 (1993); *First Nat'l Exchange Bank of Va. v. Johnson*, 233 Va. 254, 355 S.E.2d 326, 329–30 (1987).

In summary, the court finds that Beck is bound by the terms of his written guaranty agreement with Wachovia dated March 25, 1999. Summary judgment will be awarded in favor of plaintiff Wachovia under (1) the first note dated June 12, 1998, in the amount of $54,578.41, plus interest; and (2) the second note dated March 25, 1999, in the amount of $19,808.91, plus interest. This award will also include an award of reasonable attorney's fees and court costs incurred by Wachovia to prosecute this action in the requested amount of $6,125.00.

An order has been entered.