817 A.2d 951

**Eugene SHERROD et ux.**

v.

**Mohammed El–Habib ACHIR et al.**

**No. 830, Sept. Term, 2002.**

Court of Special Appeals of Maryland.

Feb. 28, 2003.

Warren E. Gorman, Chevy Chase, for appellants.

Thomas R. Mooers (Mooers & Associates, on the brief), Washington, DC, for appellees.

Argued before HOLLANDER, JAMES R. EYLER, SHARER, JJ.

JAMES R. EYLER, Judge.

The principal question presented in this case is whether the District of Columbia Compulsory/No–Fault Motor Vehicle Insurance Act ("Compulsory No–Fault Act") bars a tort claim arising out of a motor vehicle accident when the claimants are District residents insured by a policy issued in the District and the accident occurs in Maryland. We shall answer that question in the negative.

### Factual Background

On November 19, 1999, Vashti Sherrod, driver of a vehicle, and Eugene Sherrod, a passenger in that vehicle, appellants, were injured when their vehicle was struck in the rear by a vehicle operated by Mohammed El–Habib Achir ("Achir"), appellee. The accident occurred in Prince George's County. On May 11, 2001, appellants filed a complaint in the Circuit Court for Prince George's County against Achir, and on July 19, 2001, amended their complaint, adding Shahzad Eshai ("Eshai"), president of Atlantis Courier, Inc. ("Atlantis"), and Atlantis, as additional defendants. Appellants alleged that Achir was negligent and that he was acting as agent, servant, and employee of Eshai and Atlantis, the other appellees.[1]

---

1. Appellants alleged that the corporate charter of Atlantis had been revoked and that Eshai, as stockholder and president, was personally liable.

At all relevant times, appellants were residents of the District of Columbia and were insured by Progressive Insurance Company ("Progressive") under a policy issued in the District. Appellants made a claim against Progressive pursuant to the personal injury protection ("PIP") coverage under the policy, and when it was denied, appellants filed suit against Progressive in the Superior Court of the District of Columbia. In that suit, appellants alleged that Progressive breached its contract by failing to pay appellants' lost wages.[2] Subsequently, and prior to the filing of the suit in Maryland, Progressive paid or settled the claim, and the case was dismissed with prejudice.

On December 7, 2001, Eshai and Atlantis filed a motion for summary judgment in the case pending in the Circuit Court for Prince George's County on the ground that the suit was barred by the Compulsory/No–Fault Act. Appellees pointed out that the Act, with certain exceptions, bars a tort action when an injured party elects PIP benefits. Accordingly, when appellants elected to receive PIP benefits, and because the exceptions were not applicable, appellees argued that they lost their right to pursue a tort action.

On February 14, 2002, Eshai and Atlantis filed a supplemental memorandum in support of their motion, asserting that Achir was an independent contractor and not their agent. The court never ruled on the agency issue. By order dated April 23, 2002, the court granted the motion on the ground that appellants' suit was barred by the Compulsory/No–Fault Act.

On April 30, 2002, Achir filed a motion for summary judgment on the same grounds that had been successful for the other defendants. By order dated June 3, 2002, the court granted Achir's motion.

Appellants subsequently filed a timely appeal to this Court.

---

**2.** Vashti Sherrod requested the sum of $14,884.65, and Eugene Sherrod requested the sum of $13,846.05.

### Discussion

Appellees, as they did below, rely on the terms of the Compulsory/No–Fault Act and the Court of Appeals' decision in *Ward v. Nationwide Mutual Automobile Insurance Company*, 328 Md. 240, 614 A.2d 85 (1992). The pertinent portion of the Compulsory/No–Fault Act provides as follows:

(b) A victim who elects to receive personal injury protection benefits may maintain a civil action based on liability of another person only if:

(1) The injury directly results in substantial permanent scarring or disfigurement, substantial and medically demonstrable permanent impairment which has significantly affected the ability of the victim to perform his or her professional activities or usual and customary daily activities, or a medically demonstrable impairment that prevents the victim from performing all or substantially all of the material acts and duties that constitute his or her usual and customary daily activities for more than 180 continuous days; or

(2) The medical and rehabilitation expenses of a victim or work loss of a victim exceeds the amount of personal injury protection benefits available.

D.C.Code § 31–2405(b)(2002).[3]

Appellees argue that the Court of Appeals, in *Ward*, held that the PIP provisions of the law of the District of Columbia control the construction of insurance policies issued to District residents. Consequently, because appellants elected to receive PIP benefits, appellees argue that the lawsuit restriction contained in 31–2405(b) prohibits appellants from maintaining a tort suit against them. Appellees point to the following specific language in *Ward:* "The 'beneficiaries' of the District's no-fault insurance plan are the victim and the negligent

---

**3.** Both parties cite to section 35–2105 of the D.C.Code despite the fact that the current version of the Code, as well as the version of the Code in effect at the time of the accident, appears to be section 31–2405. There is no substantive difference between the two provisions. We shall, therefore, refer to the provisions interchangeably.

tortfeasor, who, if the victim elects to receive PIP benefits, is protected from a third party liability suit unless certain conditions are met." 328 Md. at 253, 614 A.2d 85. Relying on this language, appellees argue that the protection extends to entities vicariously liable, and because the exceptions in the Compulsory/No–Fault Act do not apply, summary judgment was appropriate.

Appellants' argument is confusing. Appellants agree that "the District of Columbia law should apply," and also rely on the Compulsory/No–Fault Act and the decision in *Ward.* Appellants argue that the facts in *Ward* are "virtually identical" to the facts in the case before us and that the "decision and reasoning of the *Ward* Court should be applied here." Appellants further assert that appellees' attempt to distinguish *Ward* should fail because there is no rationale upon which to distinguish it. As we have seen, contrary to appellants' assertion, appellees also rely on *Ward* and do not attempt to distinguish it.

In our view, the reason that appellees' conclusion is faulty and appellants' argument is confusing is that the parties do not distinguish between contract and tort actions for purposes of applying choice of law rules in order to determine what law applies to the issue in question. Because both parties rely on *Ward,* we shall discuss it in detail.

*Ward* arose out of a motor vehicle accident between two vehicles that occurred in Maryland. *Id.* at 242, 614 A.2d 85. The plaintiffs were occupants in a vehicle that was registered in the District of Columbia and owned by District of Columbia residents. *Id.* The vehicle was insured by a policy issued and delivered in the District by Nationwide Mutual Automobile Insurance Company ("Nationwide"). *Id.* The policy contained PIP coverage as required by the D.C.Code and provided that the insurer was required to offer medical and rehabilitation expenses, work loss, and funeral benefits as set forth in the statutory provision. The plaintiffs applied for PIP benefits and, at the same time, advised Nationwide of their intent to pursue a third party tort claim against the driver of the

other vehicle. *Id.* at 244–45, 614 A.2d 85. Nationwide denied the PIP claim on the ground that the plaintiffs had to elect either the PIP claim or the third party claim because they could not pursue both. *Id.* at 243, 614 A.2d 85.

The plaintiffs filed suit in the Circuit Court for Prince George's County, asserting claims against Nationwide on the policy for PIP benefits and third party tort claims against the driver of the other vehicle. *Id.* Nationwide moved for summary judgment and, after pointing out that its policy had been issued in the District on a vehicle registered in the District, argued that under Maryland's choice of law rule relating to contracts, District of Columbia law should apply. *Id.* Nationwide further argued that D.C. law required an election between PIP and a third party liability claim, and because the plaintiffs pursued a liability claim, they were not eligible for PIP benefits. *Id.* at 243–44, 614 A.2d 85. The plaintiffs argued that under Maryland's choice of law rule relating to torts, Maryland law should govern. *Id.* at 244, 614 A.2d 85. The circuit court entered summary judgment in favor of Nationwide, and the plaintiffs appealed. *Id.*

The Court of Appeals observed that actions on policies for benefits, such as PIP, are contract actions and therefore controlled by principles applicable to contract actions, including choice of law principles. *Id.* at 246, 614 A.2d 85. With respect to the interpretation and enforceability of contracts, the *Ward* Court recognized the general rule that the law of the jurisdiction where the contract was made applies. *Id.* at 246–47, 614 A.2d 85. The Court held that the general rule applied to the case before it and, therefore, District of Columbia law governing PIP coverage and PIP benefits was the controlling law. *Id.* at 247, 614 A.2d 85. Although the Court agreed with Nationwide that the policy and the District's PIP coverage law applied, the Court concluded that Nationwide's interpretation of its policy and the law was unsupportable. *Id.* at 247–48, 614 A.2d 85.

First, the Court observed that Nationwide's policy did not contain a provision stating that if a covered person pursued a

third party liability claim, the covered person would not be entitled to PIP benefits. *Id.* at 248, 614 A.2d 85. In addition, the Court pointed out that the "subrogation and reimbursement provisions clearly contemplate the payment by Nationwide of PIP benefits which are later reimbursed after a successful tort action against a negligent third party." *Id.* at 249, 614 A.2d 85. Second, the Court reviewed District of Columbia law governing PIP coverage and found no support for Nationwide's position. *Id.* The Court began by acknowledging that the statute provided that when the conditions for receipt of PIP benefits were met, the "benefits shall be paid," *see* D.C.Code § 35–2104(c)—(e), now section 31–2404(c)—(e), noting the mandatory language used. *Id.* at 249–50, 614 A.2d 85.

The Court then turned its attention to section 35–2105(b), now section 31–2405(b), stating:

Section 35–2105(b) restricts tort lawsuits by a victim who elects to receive PIP benefits. [It] does not state that a covered person who has timely elected PIP benefits is not entitled to PIP benefits if that person also pursues a tort liability claim against the wrongdoer. Furthermore, no other provision of the District of Columbia Code which has been called to our attention, or of which we are aware, contains the converse of section 35–2105(b), namely that a victim who elects to pursue a third party tort liability claim is not entitled to receive benefits under a timely PIP application.

*Id.* at 250–51, 614 A.2d 85. The Court continued:

The "beneficiaries" of the District's no-fault insurance plan are the victim and the negligent tortfeasor, who, if the victim elects to receive PIP benefits, is protected from a third party liability suit unless certain conditions are met. *See Monroe v. Foreman,* 540 A.2d 736, 741 (D.C.App.1988). The beneficiary is not the claimants' PIP insurer who has collected premiums for PIP benefits and who is contractually obligated to pay a timely application for those benefits. Nationwide's position turns no-fault insurance on its head.

Consequently, we reject Nationwide's contention that § 35–2105(b) of the District of Columbia Code mandates a loss of a covered person's PIP benefits if that person also attempts to pursue a liability claim against the third party tortfeasor.

*Id.* at 253, 614 A.2d 85.

Of particular interest to us because it relates to the case before us, the Court explained:

Section 35–2105(b) is simply a statute limiting tort actions. If the accident in this case had occurred in the District of Columbia, and if the defendant Chelliah had invoked section 35–2105(b), the statute may have provided a tort defense for Chelliah. It does not prevent the plaintiffs' from collecting the contractually bargained for PIP benefits.

*Id.* at 253–54, 614 A.2d 85 (footnote omitted).

Footnote 8, which was omitted from the previous block quote, is directly applicable to the case before us. The Court stated:

As previously noted, when determining which jurisdiction's tort law shall govern, a Maryland court ordinarily will apply the substantive tort law of the place where the tort occurred under the doctrine of *lex loci delicti.*

In *Jacobs v. Adams,* 66 Md.App. 779, 505 A.2d 930, *cert. denied,* 306 Md. 513, 510 A.2d 259 (1986), the Court of Special Appeals held that section 35–2105(b) should be regarded as part of the District of Columbia's substantive tort law. As the accident in the present case occurred in Maryland, however, it would not appear that section 35–2105(b) of the District of Columbia Code would have benefitted the defendant Chelliah even if he had invoked that statute.

*Id.* at 254 n. 8, 614 A.2d 85 (citations omitted).

In *Jacobs,* a group of consolidated cases, the motor vehicle accidents occurred in the District of Columbia. 66 Md.App. at 783, 505 A.2d 930. This Court held that D.C.Code section 35–2105(b) was a substantive tort law, and applied it to bar third

party tort actions. *Id.* at 791, 505 A.2d 930. In *Ward,* the Court of Appeals approved the *Jacobs* holding in footnote 8 quoted above. In addition, the Court, in footnote 2, referred to section 35–2105 as "tort law," 328 Md. at 244 n. 2, 614 A.2d 85, and again in footnote 5, referred to it as being part of the "substantive law of torts." *Id.* at 251 n. 5, 614 A.2d 85.

The bottom line, therefore, is that section 35–2105(b), currently section 31–2405(b), is part of the substantive law of torts of the District of Columbia. The accident in this case occurred in Maryland. Under Maryland's choice of law rule relating to torts, Maryland's substantive tort law applies, and it does not bar appellants' liability claim. The District's substantive tort law is not applicable.

At oral argument, appellee urged us to create an exception to Maryland's choice of law rule, based on the public policy of the District of Columbia. We see no basis upon which to create such an exception. Consequently, we shall vacate the summary judgment entered in favor of appellees.

We shall not address the agency argument made by the parties as the circuit court did not rule on that issue. On remand, the court may do so.

**SUMMARY JUDGMENT IN FAVOR OF APPELLEES VACATED. CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY APPELLEES.**