UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

FRANK J. LAMPE,

*Plaintiff-Appellant,*

and

NANCY L. LAMPE,

*Plaintiff,*

v.

YOO SUN KIM; ALLSTATE INDEMNITY COMPANY,

*Defendants-Appellees.*

No. 03-2084

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
William D. Quarles, Jr., District Judge.
(CA-02-2648-WDQ)

Argued: June 3, 2004

Decided: July 22, 2004

Before WIDENER and DUNCAN, Circuit Judges, and
Louise W. FLANAGAN, United States District Judge for the
Eastern District of North Carolina, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Louis Fireison, LOUIS FIREISON & ASSOCIATES,
P.A., Bethesda, Maryland, for Appellant. James Stephen Wilson,

BRAULT, GRAHAM, SCOTT & BRAULT, Rockville, Maryland; Jonathan Rand Clark, MCCARTHY WILSON, Rockville, Maryland, for Appellees. **ON BRIEF:** Darin L. Rumer, LOUIS FIREISON & ASSOCIATES, P.A., Bethesda, Maryland, for Appellant. Joan F. Brault, BRAULT, GRAHAM, SCOTT & BRAULT, Rockville, Maryland, for Appellee Kim.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In this diversity case, Frank Lampe sued Yoo Sun Kim for injuries resulting when their respective vehicles collided at the intersection of John Marr Drive and a service road in Fairfax, Virginia. At trial, the jury found that both Kim and Lampe had acted in a negligent manner. Accordingly, the court entered judgment in favor of Kim and the insurer. On appeal, we are confronted with two issues: (1) whether the district court erred by refusing Lampe's motion for directed verdict under Federal Rule of Civil Procedure 50; and (2) whether the district court erred by instructing the jury regarding contributory negligence. Finding no error by the district court, we affirm.

I.

On October 8, 2000, Frank Lampe, driving a motorcycle, turned from Little River Turnpike (also known as Route 236) onto John Marr Drive. Yoo Sun Kim, driving a car, entered John Marr Drive from an intersecting service road, running parallel to Little River Turnpike. Kim intended to travel straight through the intersection and continue on the service road. The two vehicles collided when Lampe's motorcycle impacted with the passenger side of Kim's car. Lampe claims that he was thrown into the air, suffering considerable bodily injuries and property damage to his motorcycle. Lampe was rendered uncon-

scious briefly after the accident, during which time several witnesses gathered at the scene, and emergency officials were notified. When police arrived, Kim was cited with "failure to yield to the right of way," a charge to which he later pled guilty.

II.

On the basis of diversity of citizenship, Lampe filed suit in the United States District Court for the District of Maryland seeking damages as a result of Kim's negligence. Lampe also named his insurer, Allstate Indemnity Company, as a defendant in the action, seeking damages for breach of the underinsured motorist clause of his insurance policy.

At trial, Lampe presented evidence that Kim negligently entered the intersection when Lampe had the right of way. Lampe relied upon the testimony of Officer Eduardo J. Azcarate, who cited Kim for failure to yield, and Patricia Rusnack, an eyewitness who stated that Kim was traveling at an excessive speed and accelerated at the stop sign. Lampe testified at trial that he turned right onto John Marr Drive, rather than left, as alleged in the amended complaint. At the conclusion of his case-in-chief, Lampe moved for directed verdict. His motion was denied. Kim presented testimony that he stopped at the intersection, then approached slowly while looking in every direction. Kim testified that when he entered the intersection, there were no other vehicles in that area.

After presentation of Kim's evidence, Lampe argued to the court that Kim presented no evidence of contributory negligence. He therefore objected to a jury instruction on that issue. The trial court denied that objection and instructed the jury, "The next question is do you find that Plaintiff, Mr. Lampe, was negligent in operating his motorcycle? Did his negligence contribute to the accident? Mr. Kim has the burden of proving that Mr. Lampe was negligent." The court also stated, "On the issue of contributory negligence, if your mind is in even balance as to whether Mr. Lampe's conduct contributed to the accident, then you have to decide against Mr. Kim, because he has the burden of proving that Mr. Lampe's conduct contributed to the accident." The final portion of the court's jury instructions was as follows:

One thing I wanted to tell you, in the instructions, you will note and I have referred to them, I have talked to someone who drives a motor vehicle, and one of the lawyers mentioned, I think correctly, sometimes you think of that as just someone's driving a car. When I refer to the instructions in driving a motor vehicle, that means operating a motorcycle as well as driving a car or driving a van. Anyone who operates a vehicle has the same responsibilities and has to follow the law carefully. So, the instructions speak in terms of driving a motor vehicle, but that also means operating or driving or riding a motorcycle as well.

Upon return of a jury verdict finding both Kim and Lampe negligent, and entry of judgment in favor of defendants, this appeal by Lampe followed.

### III.

### A.

Lampe contends that the district court erred by denying his motion for directed verdict. Denial of a motion for directed verdict, synonymous to a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, is reviewed *de novo*, viewing the evidence in the light most favorable to the non-movants. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 404-405 (4th Cir. 1999); *Malone v. Microdyne Corp.*, 26 F.3d 471, 475 (4th Cir. 1994). A grant of judgment as a matter of law is only proper "when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Price v. City of Charlotte*, 93 F.3d 1241, 1249 (4th Cir. 1996) (internal quotation omitted). The movant is entitled to judgment as a matter of law if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof. *Id.* More than a "mere scintilla" of evidence is necessary to defeat the motion. *Persinger v. Norfolk & W. Ry. Co.*, 920 F.2d 1185, 1189 (4th Cir. 1990).

In a diversity action, state law of the forum court governs the substantive issues, and federal law governs the procedural issues. *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002). As a federal court sit-

ting in diversity, this court must apply the choice-of-law rules of the forum state, Maryland. *Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999); *Liberty Mutual Ins. Co. v. Triangle Indus., Inc.*, 957 F.2d 1153, 1156 (4th Cir. 1992). Maryland choice of law rules provide that when analyzing tort actions, the law of the "place of the wrong" controls. *Sherrod v. Achir*, 817 A.2d 951, 956 (Md. App. 2003). Since the accident in this case occurred in Virginia, this court applies Virginia law to substantive issues. Under Virginia law, contributory negligence exists when "a plaintiff fails to act as a reasonable person would have acted for his own safety under the circumstances." *Artrip v. E.E. Berry Equip. Co.*, 397 S.E.2d 821, 824 (Va. 1990). Contributory negligence is an issue of fact for the jury unless reasonable minds could not differ on the issue. *Id.* at 823; *Kelly v. Virginia Elec. & Power Co.*, 381 S.E.2d 219, 222 (Va. 1989).

A review of the evidence in this case, without considering the credibility of the evidence presented, reveals that more than one reasonable conclusion as to the proper judgment could exist. Viewing the evidence in the light most favorable to Kim, Lampe's negligence reasonably could be inferred from evidence in the case that Kim was not negligent. Kim testified that he stopped at the stop sign, carefully checked for traffic entering the intersection, then slowly proceeded. Under *Medlar v. Mohan*, Lampe's evidence that he was the favored driver is not sufficient to establish that he was not negligent. 409 S.E.2d 123, 126 (Va. 1991). He was also under a duty to keep a proper lookout when entering an intersection. *Id.* In this case, Lampe testified that his view was partially impaired by other vehicles. From these facts, a reasonable individual could infer that Lampe was negligent by failing to keep a proper lookout, and the testimony at trial warranted putting the question of contributory negligence before the jury. *Medlar*, 409 S.E.2d at 126. *See also Virginia Electric & Power Co. v. Winesett*, 303 S.E.2d 868, 872 (Va. 1983) ("As a general rule, contributory negligence is a jury issue."). Therefore, the district court properly denied Lampe's motion for directed verdict.

### B.

Lampe next contends that the district court erred by instructing the jury with regard to contributory negligence. Jury instructions are reviewed for abuse of discretion. In reviewing the propriety of the dis-

trict court's choice of jury instructions, "we accord the District Court much discretion and will not reverse provided that the instructions, taken as a whole, adequately state the controlling law." *Teague v. Bakker*, 35 F.3d 978, 985 (4th Cir. 1994). Jury instructions are proper where the jury charge, construed as a whole, adequately states the controlling legal principles without misleading or confusing the jury. *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 832 (4th Cir. 1999). Federal district courts operate under a federal standard when determining the sufficiency of the evidence for submission of the issue of contributory negligence to a jury. *See Jones v. Meat Packers Equip. Co.*, 723 F.2d 370, 372 (4th Cir. 1983). In the absence of evidence, or reasonable inferences that can be drawn from the evidence disclosing that a plaintiff was negligent, the issue of contributory negligence should not go to the jury. *Id.*

As discussed above, contributory negligence exists in Virginia when "a plaintiff fails to act as a reasonable person would have acted for his own safety under the circumstances." *Artrip*, 397 S.E.2d at 824. With regard to the general instructions of contributory negligence, it appears that the court adequately stated the controlling legal principles without confusing or misleading the jury. Contributory negligence is generally a question for the jury under Virginia law. *Virginia Elec. & Power Co.*, 303 S.E.2d at 872. The court correctly noted that the defendant has the burden of showing contributory negligence. *See Commonwealth v. Coolidge*, 379 S.E.2d 338, 341 (Va. 1989). As discussed, the jurors could infer contributory negligence from the evidence presented at trial. Because there was sufficient evidence upon which to send the issue of contributory negligence to the jury, the court did not abuse its discretion by instructing the jurors regarding that issue.

Turning to the specific instruction that a motorcycle is a motor vehicle, appellees argue that appellant did not properly object to the instruction under Federal Rule of Civil Procedure 51. Regardless of the propriety of appellant's objection, the district court did not abuse its discretion by giving the final instruction. The court correctly stated the law that a motorcycle is considered a motor vehicle in Virginia. *USAA Cas. Ins. Co. v. Yaconiello*, 309 S.E.2d 324, 324 (Va. 1983) (the term "motor vehicle" in the Virginia Code carries a statutory definition sufficiently broad to include motorcycle). Rather than confus-

ing or misleading the jury, this instruction served to clarify previous instructions regarding "motor vehicles." Although Lampe argues that this instruction improperly indicates that he was negligent, contributory negligence was properly at issue in the case. Therefore, the district court did not abuse its discretion by its final statement in the jury instructions regarding motor vehicles.

IV.

After considering the record, the briefs, and the applicable law, and having the benefit of oral argument from the parties, we conclude that the district court properly denied Lampe's motion for directed verdict, and it also properly instructed the jury regarding contributory negligence. Where reasonable minds could disagree on the existence of contributory negligence, that question was proper for the jury's consideration. The district court's jury instructions adequately stated the controlling law and did not confuse or mislead the jury. The judgment of the district court is accordingly

*AFFIRMED.*